Safe Deposit Bank of Pottsville *v.* the County of Schuylkill, Appellant.

*Practice—Common pleas—Party bound by theory on which he tries his case.*

When a case has been tried, submitted and decided upon a certain theory, it is too late, on a motion for a new trial, to advance another which might have been, but was not, put forward at the trial.

*Public officers — County commissioners — County treasurer — Loan to county.*

Where the county commissioners send their clerk with a county note to a bank for a loan, and the bank pays the proceeds of the note to the clerk,

the payment will be presumed to have been made to the county, although the county treasurer never received the money nor gave a receipt therefor.

*Public officers—County indebtedness—Presumption—Act of April 20, 1874.*

There is no presumption that officers of a county, acting under oath of office, have not, in increasing the county's indebtedness, made the statement required by Act of April 20, 1874, P. L. 65, sec. 2.

*Counties—Loans—Payment—Receipt—Act of March 31, 1860.*

Under the Act of March 31, 1860, P. L. 481, it is only the person who, or whose agent, has made a payment directly into the county treasury that is required to obtain a receipt under pain of having the payment go for nothing.

Argued Feb. 17, 1899. Appeal, No. 46, Jan. T., 1899, by defendant, from judgment of C. P. Schuylkill Co., March T., 1898, No. 475, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Assumpsit on a promissory note.

The facts appear by the opinion of the trial court on the rule for judgment non obstante veredicto.

Defendant's points and the answers thereto were as follows:

1. If the jury find that the $5,000 in the note of July 3, 1895, and the $5,000 in the note of June 6, 1896, were not paid by the Safe Deposit Bank to the treasurer of the county of Schuylkill or his authorized agent, they should in their verdict give the county credit for the sum of $10,000 with discounts paid by the county, and the interest thereon to date. *Answer:* Refused. [1]

2. A payment of money to a clerk in the commissioners' office by the bank unauthorized by the county treasurer would not be a payment to the county and would not discharge the bank. *Answer:* Refused. [2]

3. If the jury find that the Safe Deposit Bank received no receipt in accordance with the provisions of the act of March 31, 1860, there can be no recovery in this case, and the verdict should be for the defendant. *Answer:* Refused. [3]

The court reserved the following point without reading it to the jury:

The undisputed fact in this case being that the plaintiff in discounting certain notes of July 3, 1895, for $15,000, and June 6, 1896, for $30,000, paid the proceeds thereof (to what-

ever extent they were paid out by the plaintiff) to the commissioners' clerk, who presented said notes, and not to the county treasurer; and the fact further being that the county treasurer received $10,000 less than the face of said notes called for, and that subsequently the county paid the plaintiff the full face of said notes with interest, the question is reserved whether or not the county is entitled to a set-off for that amount with interest from the date of the payment, December 8, 1896.

ENDLICH, J., of the 23d judicial district, specially presiding, filed the following opinion:

This is an action of assumpsit upon a note for $20,000 given on September 30, 1897, by the commissioners of Schuylkill county, in the name of the county, to the plaintiff, and payable in sixty days from its date.  The pleas are *non assumpsit*, payment with leave, etc., and set-off.  At the trial, no defense of fact or law was made against the note itself.  The defendant, however, attempted to establish a set-off, alleging that, in July, 1895, and June, 1896, the county had given its notes to plaintiff for $15,000 and $30,000 respectively, upon each of which it had, in fact, received $5,000 less than was called for; that subsequently the face of these notes, with interest thereon, had been paid by the county to the plaintiff in full; and that therefore the latter had received over $10,000 more than it was entitled to.  In proof of this allegation it was shown that the money which passed from the bank in the discount of the notes of 1895 and 1896 was paid by it to a clerk sent by the commissioners to the bank for discount; that no receipt was given by the county treasurer to the bank for the proceeds thereof; and that, according to the entries upon his books, the amounts referred to never reached his hands.  The evidence adduced on the part of the defendant, consisting both in the oral testimony of its officers and in its books of accounts, tended strongly to prove that the bank paid over to the messenger of the commissioners in each case, the full amount called for by the note presented by him.  The court declined to give binding instructions in favor of defendant based upon the facts that the payments were not made to the county treasurer himself or to an agent authorized by him to receive them, and that there had been no receipts therefor issued by him,—reserved the question of the

county's right to claim a set-off because of the former fact,—and submitted to the jury, as decisive of the verdict, the question whether or not the bank had paid the full amounts called for by the notes to the commissioners' clerk presenting them for discount. The jury having found for plaintiff for the full amount of its claim, defendant obtained these rules,—relying, in support of the rule for a new trial in addition to the positions taken at the trial, upon the further ground that the $20,000 note in suit constituted an increase of the county's indebtedness and, as such, was illegal and void for want of the statement required by the Act of April 20, 1874, P. L. 65, sec. 2. See commissioners v. Snyder, 20 Pa. C. C. 649, and Rainsburg v. Fyan, 127 Pa. 74.

1. Taking up the last point first, there are two reasons why, whatever, under different circumstances, its merits might or might not have been, it cannot be given any controlling effect at this time. When a case has been tried, submitted and decided upon a certain theory, it is too late to advance another which might have been, but was not, put forward at the trial : Lane v. Smith, 103 Pa. 415 ; Cridland v. Stevens, 43 W. N. 243 ; Taylor v. Sattler, 6 Pa. Superior Ct. 229. But, further, the point, as now urged, involves one of two propositions,—either that it has been established that there was no such statement as is spoken of in the act of 1874, or that it is to be presumed that there was none. The former is contrary to the fact ; for there is no proof on the subject in the case and no admission concerning it in the pleadings. The latter would seem to be in contravention of the principle peculiarly applicable to public officers who act under the obligation of an oath, Warder v. Tainter, 4 W. 270, that every duty enjoined has been fully performed,—the familiar principle, omnia præsumuntur rite esse acta.

2. It is elementary law that the right to claim a set-off depends, inter alia, upon whether or not the party alleging it is in a position to sue the plaintiff for the demand which is sought to be made the ground of defalcation : Leas v. Laird, 6 S. & R. 129. It is necessary, therefore, to inquire whether the facts as they have been made to appear in this case would entitle the defendant to recover from plaintiff in a suit instituted by the former against the latter the sums for which it asks

credit upon the note of September 30, 1897. According to the finding of the jury based upon presumptions of fact the correctness of which the court has no means to test, and the conclusions resting on which it has no power to control, Trust Co. v. R. R. Co., 160 Pa. 590, the bank paid out the full amounts called for by the notes of July, 1895, and June, 1896. Whether those amounts were in fact incorporated with the county funds,— whether the county actually had the benefit of them, is not decisive. The question is whether their payment by the bank to the commissioners' clerk is now to be treated as a payment to the county or not. Upon that question, the direction of the Act of April 15, 1834, P. L. 543, sec. 37, that "it shall be the duty of the county treasurer to receive all moneys due or accruing to the county," is not final. He is to receive such moneys when they come to him; but since, for the most part, they necessarily come to him, not immediately, but mediately through a variety of official channels, it cannot be true that nothing but a payment to him directly can be relied on as a payment to the county. Whether a payment to another official representing the county is a payment to the latter or not depends upon whether that official is, in the first instance, authorized to receive it, being, in his turn, bound to hand the money over to the treasurer. It is conceded that, when money is to be borrowed in the name of the county, the loan is to be made, not by the treasurer, but by the county commissioners. It is one of those self-evident propositions, which, in the language of KEITH, P. J., in Smoot v. L. & B. Assn., 29 S. E. Rep. (Va.) 746, are " so clear that the attempt to elucidate them serves only to obscure," that he who has the power to make a loan has, in the absence of express provision to the contrary, the right to receive its proceeds. Good business sense would doubtless indicate as judicious the adoption of some method whereby, in exchange for the county's obligation, the sum advanced upon it should be at once turned into the treasury, without requiring or permitting it to pass through any intermediate hands. But the criterion here is not wise methods, but positive statutory mandate; and it must be considered that, in the absence of any such forbidding the commissioners, in making a loan for the county, to receive its proceeds for the purpose of transmission to the treasurer, they have that power. If they have it, they

can, of course, delegate it to one of their clerks.   It is true
that parties dealing with one assuming to represent the public
are bound to inquire into the existence or nonexistence of his
power to do the act he undertakes to do: Roland v. School
Dist. 161 Pa. 102.   But, in the present instance, not only was
the person to whom payment was made a regular official sub-
ordinate to the county commissioners and employed in their
office, but he produced to the bank what in his hands, and in
view of former transactions of like character, was the best pos-
sible evidence of his authority, the obligation itself.   On numer-
ous other occasions he had presented similar obligations and
received the cash upon them precisely as in these instances,
and the bank could not suppose that this was unknown to the
commissioners whose duty it was to be aware of what was go-
ing on.   It would be an absurdity to say that the law presumes
men charged with a duty to have done their duty, Farnham v.
R. R. Co., 55 Pa. 53; Duff v. Wilson, 72 Pa. 442; Schum v.
R. R. Co., 107 Pa. 8, and in the same breath to deny others the
right to act upon that presumption.   If, in these circumstances,
it were needful to go further and ascertain that there was ac-
tual authority given by the commissioners to their clerk to
receive the money from the bank, there would, under the evi-
dence, be no trouble about that fact.   There is no pretense
that they forbade the clerk to do what was the obvious purpose
of his mission, viz: to obtain the money and take it to the treas-
urer,—or that they notified the latter to get it,—or that the
bank agreed to transfer it to him,—or that he had an account
with the bank upon which it might have credited the proceeds
of the transaction without actual transfer of the cash.   How,
then, was the money to reach the treasurer, if not through the
medium of the clerk?   The truth, apparent in the evidence, is
that those commissioners, in each case, after they had sent the
clerk to the bank with the note, took it for granted that he had
received and turned over to the treasurer the sum it called
for.   That is the most convincing kind of proof that they did, ex-
pressly or impliedly, authorize him to receive it from the bank.
A finding to the contrary by the jury, had it been deemed proper
to submit anything on this matter to them, could not have been
sustained, notwithstanding the testimony of the commissioners
themselves that they never gave such authority.   " That actions

speak louder then words is sound law as well as proverbial
wisdom: " Graham v. Dempsey, 169 Pa. 460, per Mr. Justice
MITCHELL; and it is an enlightened rule that there are kinds
and degrees of proof which, though controverted, are never-
theless so potential to establish a fact " that a court, in the due
administration of justice, must treat it as a fact: " Newhard v.
R. R. Co., 153 Pa. 417, per Mr. Justice DEAN. It was sug-
gested by counsel at the argument that this case ought to be
regarded in the same light as one in which it should appear
that the county's notes had been accidently lost and found by
some stranger; that, upon their presentation by him, the bank
had, without further inquiry, handed over to him the amounts
called for by them ; and that he had appropriated the same.
It has, indeed, been wisely observed that " analogies are as
likely to misguide as to guide safely: " Overman's App., 88
Pa. 276. But between the facts of this case as discussed and
those of the case supposed there are so many and radical dis-
tinctions that it is hardly needful to dwell upon them in order
to emphasize the entire absence of any analogy.

Neither does the Act of March 31, 1860, P. L. 481, help the
defendant. I not only accept, but agree with, the ruling of his
Honor, Judge BECHTEL, in Com. v. Allen, Rentz & Martin,
quarter sessions, Schuylkill county, No. 1847, November term,
1897, that that enactment is not repealed by the Controller Act
of June 27, 1895, P. L. 403. But, apart from any other limita-
tion to be drawn from the apparent purpose of the act of 1860,
however wide a scope is given to the second section of it, the re-
ceipt there exacted is a receipt to be given upon " payment of
public money to the treasurer," and to the " person making, or
in whose behalf the payment aforesaid is made." The statute is
a highly penal one, in more senses than one, and to be construed
with a proper degree of stringency. It is, therefore, only the
person who, or whose agent, has made a payment directly into
the county treasury that is required to obtain the receipt under
pain of having the payment go for nothing. A party who
makes a payment to another official duly authorized to receive
it, or under circumstances justifying the party in so regarding
him, does not fall within its terms and is unaffected by it. And
that, as has been seen, was the situation of the plaintiff in re-
spect of the notes of July, 1895, and June, 1896. It was the

business of the county commissioners, or of their clerk, not of the bank, to obtain the receipt of the treasurer as an acquittance to them, and if they had done their duty in the premises, as it was plainly enjoined upon them by the statute in question, the county could have lost nothing, and this case would not be here.

It follows that, in the face of the fact found by the jury that the bank paid the full amount of the notes of July, 1895, and June, 1896, to the commissioners' clerk, the county would not be in a position, by an action instituted by it, to compel the bank to pay it the sums it claims not to have received into its treasury upon those notes. Hence it has no right to set them off against the bank's demand in this case; and hence, also, there is no reason why a new trial should be granted, and no warrant for entering judgment contrary to the verdict on the point reserved.

And now, to wit: January 16, 1899, the rules for new trial and for judgment non obstante veredicto are discharged.

*Errors assigned* were (1–3) above instructions, quoting them; (4) in entering judgment for plaintiff.

*H. O. Bechtel,* for appellant.—The commissioners of the county hold their office by virtue of article 14 of the constitution, and also of the Act of Assembly of 1834, P. L. 540, and are in fact coeval with the county itself. Being creatures of statute, endowed only with special powers, and created for special purposes, they can exercise only such powers as are expressly conferred by statute: Berks County v. Pile, 18 Pa. 493.

Money paid under a mistake of fact may be recovered back: Meredith v. Haines, 14 W. N. C. 364; McCrickart v. City of Pittsburg, 88 Pa. 133; Lawrence v. American National Bank, 54 N. Y. 435.

*E. D. Smith* and *S. H. Kaercher,* for appellee, were not heard but in their printed brief said: The county commissioners made the clerk the county's agent in the delivery of the note and thereby clothed him, especially in the absence of instructions to the bank to the contrary, with authority to receive the proceeds, and they recognized his agency by accepting at the treasury the cashier's check for $5,000 and $5,000 in money: Penna. Natural

Gas Co. v. Cook, 123 Pa. 170; Kramer v. Dinsmore, 152 Pa. 264; McNeile v. Cridland, 168 Pa. 16; Allegheny City v. McClurkan & Co., 14 Pa. 81.

PER CURIAM, February 27, 1899:

There was no error in refusing defendant's points for charge recited in the first, second and third specifications respectively, nor in refusing to enter judgment for the defendant non obstante veredicto on the question of law reserved and recited in the remaining specification.

In the opinion of the learned trial judge, discharging the rule for judgment non obstante veredicto, the controlling facts of the case are fully stated and need not be repeated here; and the questions of law involved are so fully considered and so accurately decided by him that nothing can be profitably added to what he has there said. On his opinion, the judgment is affirmed.