# Quinter *v.* Quinter, Appellant.

*Contracts—Sales of real estate—Variation by parol—Measure of proof—Reforming written instrument—Showing different consideration—Theory of trial—Issue—Appeals—Change of issue on appeal—Assignments of error—Failure to except.*

1. Where a father-in-law executed a deed for a house and lot to a daughter-in-law for the expressed consideration of $2,000.00, and a week later executed a bill of sale for the household furniture and other personal property for a consideration of $75.00, and defendant paid a mortgage of $600.00 which was upon the property, but made no further payment on account of either realty or personalty; and alleged in a suit for the considerations expressed in the written instruments that the transfer was intended as a gift in consideration of defendant's promise to pay the mortgage debt; and as that had been done, no further amount was due, and the evidence was conflicting, the court properly charged the jury that the writings must prevail unless the jury were "clearly satisfied......by the evidence, beyond any reasonable doubt, as strongly as oral testimony can satisfy the mind," that defendant's statement of the transaction was true.

2. Where in such case it was contended on appeal that the issue was merely one of showing a different consideration from that expressed in the deed, and that the case was not within the rule as to the degree of proof necessary to reform a written instrument, but was within the rule that a different consideration from that measured in the instrument may be shown by merely a preponderance of evidence, but where it appeared from the affidavit of defense that the issue was not that the consideration was less than that expressed in the deed, but that the transfer was in fact a gift and not a sale, and where it further appeared that the case was tried by all parties and the court on this theory, the judgment was affirmed.

3. Assignments of error complaining of parts of the charge to the jury are defective where they do not show that exceptions were taken to the charge.

Argued March 4, 1918. Appeal, No. 233, Jan. T., 1918, by defendant, from judgment of C. P. Berks Co., June T., 1917, No. 48, on verdict for plaintiff, in case of Charles R. Quinter, Sr., v. Cora Belle Quinter. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit for the purchase price of real estate. Before ENDLICH, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $1,782.75 and judgment thereon. Defendant appealed.

*Errors assigned* were instructions to the jury.

*Walter S. Young* and *William J. Rourke,* for appellant.—The court should have submitted the case to the jury on the preponderance of the evidence: Holmes' App., 79 Pa. 279; Jack v. Dougherty, 3 Watts 151; Henry v. Zurflieh, 203 Pa. 440; McGary v. McDermott, 207 Pa. 620; Buckley's App., 48 Pa. 491; Lewis v. Brewster, 57 Pa. 410; Harwood's Est., 23 Vt. 507.

*Henry D. Green,* with him *Lee Friday,* for appellee.— The chancery rule was properly applied as the written instruments were unimpeached: Woods v. Farmers, 10 Watts. 195; Rearich v. Swinehart, 11 Pa. 233; McGinty v. McGinty, 63 Pa. 38; Plumber v. Guthrie, 76 Pa. 441-445; Spencer v. Colt, 89 Pa. 314; Rowand v. Finney, 96 Pa. 192; Murray v. N. Y., L. & W. R. R. Co., 103 Pa. 37.

OPINION BY MR. JUSTICE FRAZER, April 22, 1918:

Plaintiff executed to his daughter-in-law, the defendant, a deed for a house and lot for the expressed consideration of two thousand dollars, and about a week

later also executed a bill of sale for the household furniture and other personal property on the premises for a consideration of seventy-five dollars. Against the realty was a mortgage with an unpaid balance of six hundred dollars which defendant paid, but made no further payment on account of either realty or personalty. Plaintiff sued in assumpsit and recovered a verdict for the entire balance and, from the judgment entered thereon, defendant appealed.

The sole defense set forth in the affidavit of defense is that the transfer of both real and personal property was intended as a gift in consideration of a promise by defendant to pay the indebtedness secured by the mortgage and, as that payment had been made, no further amount is due plaintiff. The evidence adduced at the trial was conflicting and the trial judge submitted the case to the jury and charged the writing must prevail unless the jury were "clearly satisfied......by the evidence beyond any reasonable doubt, as strongly as oral testimony can satisfy the mind" that defendant's statement of the transaction was true. The only error of which defendant complains is that the trial judge, by the language quoted, placed upon her the burden of furnishing a degree of proof necessary to reform a written instrument, as to which it seems to be conceded the charge was not erroneous (Rowand v. Finney, 96 Pa. 192; Ott v. Oyer's Executrix, 106 Pa. 6, 17); it is, however, contended, as the issue is merely one of showing a different consideration from that expressed in the deed, the case is not within the rule stated and a different consideration may be shown by the ordinary measure of proof, namely, a preponderance of testimony.: Henry v. Zurflieh, 203 Pa. 440; McGary v. McDermott, 207 Pa. 620.

The difficulty in defendant's contention is that the issue made up by the affidavit of defense was not that the consideration was less than expressed in the deed, but that the transfer was a gift and not a sale. The case was tried on this theory and the trial judge in his charge said,

in referring to defendant's testimony, "She says that there was no sale, that there was never intended to be a sale—that there was a gift, on condition of her payment of the $600 mortgage." Defendant's contention was in effect that the transaction fundamentally differed from that appearing from the face of the papers executed by plaintiff and was, therefore, inconsistent with their terms. The case was tried on this theory and no exception taken to the charge at the time of the trial, nor was the trial judge asked to give different instructions, or to submit the case to the jury on the theory of merely an attempt to change the amount of the consideration in the writing. That the question now presented was not raised by defendant on the trial further appears from the opinion of the court below discharging the rule for a new trial, where it was said: "It is perfectly clear from the record of this case that it was tried by both parties and by the court upon the theory that the effort was by parol evidence to convert the written contract of sale into a gift and it is to be noted that there is no exception to the charge so assuming and laying down the chancery rule. It is well settled that it is too late after trial to shift to another theory: Lane v. Smith, 103 Pa. 415; Bank of Pottsville v. Schuylkill County, 190 Pa. 188; Taylor v. Sattler, 6 Pa. Superior Ct. 229; Gallagher v. Burke, 13 Pa. Superior Ct. 244, 250."

The assignments of error are defective in that they fail to show exceptions taken to the charge. We have repeatedly held such assignments must be self-sustaining and show exceptions were taken to the parts assigned for error: Browarsky's Est., 252 Pa. 35.

The judgment is affirmed.