## E. Richard Meinig Co. v. Raw Silk Trading Co. et al.

*Foreign attachment—Double liability of garnishee—Suit pending in foreign jurisdiction—Failure to disclose at trial—New trial—Practice, C. P.*

1. Where, at the trial of an issue between the plaintiff and the garnishee in a foreign attachment, the garnishee does not disclose that a suit is pending in another jurisdiction against him by another claimant of the same goods, and the court directs the jury to find a verdict for plaintiff, the garnishee cannot ask for a new trial on the ground that he may be subjected to double liability.

2. In such case, where the amount involved is large and the failure to disclose the pending of another suit was entirely the fault of the attorney who tried the case, the court will afford appropriate relief on proper terms.

Rules for new trial and for judgment n. o. v. C. P. Berks Co., Aug. T., 1921, No. 141.

*Snyder, Zieber & Snyder,* for D. G. Dery, Inc., garnishee, and rules *(Mr. Gainsberg,* of New York Bar, at trial.)

*Harry F. Kantner,* for plaintiff, contra.

BIDDLE, P. J., 9th judicial district, specially presiding, Nov. 9, 1925.—In this action of foreign attachment in *assumpsit,* plaintiff, on July 27, 1921, entered a judgment, by default, against defendant for $38,115.16. A *scire*

E. Richard Meinig Co. v. Raw Silk Trading Co. et al.

*facias* was issued against the garnishee, D. G. Dery, Inc., and an issue framed by the entry of pleas of "*nulla bona*" and "set-off." The issue so framed came to trial in this court on April 16, 1924, and at its conclusion the court, rejecting items of set-off claimed by the garnishee, which, if allowed, would have shown the defendant indebted to the garnishee, directed a verdict in favor of the plaintiff, namely, that the garnishee was, on Sept. 13, 1920, the date of the attachment, indebted to the Raw Silk Trading Company in the sum of $46.010.72.

Motions for a new trial and for judgment *n. o. v.* were duly filed, which were argued later in 1924, on the theory that the court had erred in rejecting certain items of set-off. A decision on the motion so argued was withheld by the court at the instance of counsel for garnishee and plaintiff, and on Jan. 21, 1925, the garnishee filed a petition asking the court to consider a new ground for the new trial asked for. The new reason urged was that an item of over $60,000, which, at the trial of April 16, 1924, had been treated as an item of indebtedness of the garnishee to the defendant, was, in fact and in law, an indebtedness of the garnishee to the Gerseta Corporation, the true owner of some fifty bales of silk delivered early in August, 1920, to the garnishee by the defendant. The petition averred that the Raw Silk Trading Company held these bales of silk as a trustee for the Gerseta Corporation, and that the purchase price therefor was due to that corporation and not to the Raw Silk Trading Company. The Gerseta Corporation brought suit in November, 1920, against the present garnishee for the value of these fifty bales of silk, and the case came to trial on May 31, 1923. At the conclusion of plaintiff's case the court entered the equivalent of a compulsory non-suit. On Nov. 23, 1923, this non-suit was set aside and a new trial ordered, and from this order D. G. Dery, Inc., appealed. This appeal was pending at the time of the trial here on April 16, 1924. On June 13, 1924, the Appellate Division of the New York Supreme Court affirmed the order of the lower court setting aside the non-suit and granting the new trial of the Gerseta Corporation's action. Counsel for the plaintiff here joined in a stipulation that, for the purposes of the present motion, the averments of garnishee's petition of Jan. 21, 1925, should be treated as if sustained by depositions establishing said averments.

Subsequently there was a reargument of the motion for a new trial at which garnishee's counsel (who were not those formerly employed) abandoned the former position, admitting that this court's action at the trial was justified by the evidence there submitted, and asked for a new trial solely on the ground that to permit the verdict to stand would undoubtedly subject garnishee to a double liability growing out of a single transaction, as there was no doubt that the Gerseta Corporation would ultimately recover the value of the fifty bales of silk delivered to garnishee by defendant in August, 1920. Plaintiff's counsel, while not seriously denying the possibility of this double liability, contends that garnishee, through its counsel, was aware of this possibility throughout and could have availed itself of that defence at the first trial had it so desired; that to permit the garnishee to have a new trial is to permit it to make a new defence, not because of after-discovered evidence, or anything analogous thereto, but solely because of the mistaken view of the law entertained by garnishee's original counsel.

We are strongly impressed by the argument of plaintiff's counsel. As we view it, the decision of the Appellate Division of the Supreme Court of New York cannot be regarded as analogous to after-discovered evidence. While it is true that that decision was rendered after the trial here, yet it was rendered in an appeal that had been pending for several months prior to the

trial here, and Mr. Gainsberg, who tried the case for the garnishee here, was counsel for the appellant there. His attitude in regard to this is to us quite inexplicable. During the trial here, in speaking of the Gerseta suit in New York, he said to the court (page 40, notes of testimony) "That was tried for ten days, sir, and the trial justice dismissed the Gerseta complaint. It did not go to the jury." This statement was correct, as far as it went, but it did not go far enough. It was one of those half-truths that may be more misleading than a statement wholly untrue. It was unfair alike to his client and the court. A concealment of conditions was unnecessary for consistency of claim. It may be admitted, as argued by present counsel for the garnishee, that the garnishee could not with a good grace contend, in New York, that the silk had been the absolute property of the Raw Silk Trading Company, and at the same time contend, in Pennsylvania, that the same silk was at the same time the property of the Gerseta Corporation; but that did not justify him in giving the court here the impression that there had been a final decision against the claim of the Gerseta Corporation in New York. He should have told the court here that while his position in both states was that the Raw Silk Trading Company was the owner of the fifty bales of silk in August, 1920, yet that this position was seriously controverted by the Gerseta Corporation; that its action to establish its claim was still pending and might be successful, in which case it was not open to question that the garnishee was not indebted to the Raw Silk Trading Company on Sept. 20, 1920, when this attachment issued. Such a statement would have involved no inconsistency of position by the garnishee, while it would have enabled the court to give such instructions as would have relieved the garnishee from a double liability.

Under such conditions, we think that we could not be convicted of an abuse of discretion if we refused to order a new trial of the case: Bank v. Schuylkill County, 190 Pa. 188; Quinted v. Quinter, 261 Pa. 195, and if the amount involved was moderate we should have no hesitation in so ordering. The amount involved, however, is quite large, exceeding $40,000, rather more than a client should be called upon to pay for the dereliction of a single attorney.

If, as may well happen, it is finally determined that the claim of the Gerseta Corporation to the fifty bales of silk is well founded, and that the garnishee owes the purchase price to that corporation and not to the Raw Silk Trading Company, it is manifest that it would work a subsantial injustice to compel the garnishee to pay both parties for the same goods, and that result should be avoided if it can be done without inflicting equal injustice on either of the other parties concerned.

At the same time it is not certain, no matter how probable it may appear, that the Gerseta Corporation will be successful in its suit in New York, and until that does appear the plaintiff should not be deprived of the advantage that it has secured by the verdict obtained here. It should be within the power of the garnishee to secure a final determination of the New York case within a reasonable time. It certainly is its duty, under the circumstances, to do all in its power to effect that result. If a new trial is ordered, we also think that the garnishee should pay all costs accrued to this time, as well as a reasonable counsel fee to counsel for plaintiff, and the order to be made will be framed to cover such payments.

And now, Nov. 9, 1925, it is ordered that if plaintiff shall, within twenty days from this date, file its written stipulation that it will at once enter judgment on the verdict, but that no execution shall be issued prior to Jan. 2, 1926, upon the judgment so entered against the garnishee, and that if, prior

to said date, the garnishee shall show to this court that a final judgment has been entered in favor of the Gerseta Corporation in the action brought by it in the Supreme Court of the State of New York on or about Nov. 20, 1920, to recover from D. G. Dery, Inc., the purchase price of the fifty bales of silk delivered to the garnishee in August, 1920, that then said judgment against the garnishee in this court shall be opened and said garnishee permitted to make its defence to the claim here of the plaintiff solely on the ground that the title to the said fifty bales of silk was in the Gerseta Corporation and not in the Raw Silk Trading Company, so that the garnishee owed the Raw Silk Trading Company nothing on account thereof, then the pending rule for a new trial here shall be discharged. In case plaintiff shall refuse to file such stipulation, then the rule for a new trial shall be made absolute.

As a condition precedent to the opening of the judgment here, as aforesaid, or to making the rule for a new trial absolute, the garnishee shall, within fifteen days from the date when, under the terms of this order, the judgment might be opened or the new trial granted, pay all the costs in this case that have accrued to that time, including a counsel fee for plaintiff's counsel of $800, and in default of such payment the judgment shall become absolute or the rule for a new trial finally discharged.

The motion of garnishee for judgment n. o. v. is dismissed.

From Charles K. Derr, Reading, Pa.