FLORENCE E. PALMER

*v.*

JOHN A. McFADDEN, guardian, et al.

[Submitted June 30th, 1916.   Decided July 6th, 1916.]

1. Clauses of policy provided that the insurer should not be liable for a greater proportion of loss than its policy bore to the entire amount of insurance, and that if it paid to the mortgagee any loss, and claimed that as to the mortgagor no liability existed, it should be subrogated to

the rights of the mortgagee, and might pay the mortgage and have an assignment thereof, but that no subrogation should impair the mortgagee's right to recover the full amount of his claim. The policy issued to the mortgagor and contained the standard mortgagee clause. Other insurance was taken, and on loss the other insurers paid their proportionate share. The defendant insurer without denying liability to the mortgagor paid the mortgagee the amount of his judgment, which exceeded its proportionate share of the loss and took an assignment of the decree.—*Held*, that the insurer, having failed to provide for contribution as to the mortgagee, was liable for the payment made and could not recover the excess from the mortgagor.

2. The mortgagor could not recover from the insurer the difference between the face value of the policy and the amount paid the mortgagee; the liability to her having been discharged by payment of a greater amount than she herself could have recovered.

*Mr. Harry J. Weiner* and *Mr. William F. Reibel*, for the complainant.

*Messrs. Lindabury, Depue & Faulks*, for the defendants.

FOSTER, V. C.

The bill in this cause is filed to have the defendant the Niagara Fire Insurance Company enjoined from proceeding to collect any part of the amount due on a bond and mortgage made by the complainant to defendant John A. McFadden, as guardian, and on the decree entered in foreclosure proceedings thereon, and which bond, mortgage and decree were duly assigned by McFadden to the insurance company. The bill also seeks to have this mortgage surrendered for cancellation, and also to compel the Niagara Fire Insurance Company to pay the complainant the difference between the amount of its insurance policy and the amount paid to the mortgagee when the bond, mortgage and decree of foreclosure were assigned to it under the following circumstances:

On March 11th, 1911, complainant and her husband executed and delivered to the defendant John A. McFadden, as guardian, their bond, together with a mortgage on property in the city of Elizabeth, in this state, to secure the payment of $3,500 and interest thereon.

In August, 1912, McFadden began foreclosure proceedings on this mortgage, and on December 18th, 1913, he obtained a decree therein for $3,225.

On October 17th, 1912, the defendant the Niagara Fire Insurance Company issued its policy to complainant and one Sidney W. Eldridge, payable as their respective interests should appear, insuring the mortgaged premises against loss by fire in the sum of $3,500. Attached to this policy was the standard mortgagee clause, without contribution, by which loss, if any, under the policy was made payable to McFadden, mortgagee, as his interest might appear. On December 2d, 1912, the interest of Sidney W. Eldridge in the policy ceased.

The Scottish Union and National Insurance Company of Edinburgh, at this time, also had, in effect, a policy of insurance against fire covering said premises for the sum of $6,000, and the Northern Insurance Company of New York also had, in effect, a policy of insurance covering said premises against fire for the sum of $5,000, but neither of these policies were made payable to the mortgagee in the event of a loss.

On December 20th, 1912, the insured dwelling of complainant was completely destroyed by fire.

Under the terms of the several policies, an appraisal was had and the sound value of the property was appraised at $6,002.62, and the loss from the fire was appraised at $5,205.82.

Of this loss the Scottish Union and the National Insurance Company was compelled by suit to pay to complainant $2,460 for its proportion of the appraised loss, and the Northern Insurance Company was also compelled by suit to pay complainant $2,150 for its proportion of the loss.

The defendant the Niagara Fire Insurance Company, because of the mortgagee clause attached to its policy, paid to the defendant McFadden, guardian, on his demand, $3,416.67, being the amount of his decree and interest thereon, and took from him an assignment of the bond and mortgage and the decree in the foreclosure proceedings; and also an agreement subrogating the Niagara Fire Insurance Company to all the rights of McFadden as mortgagee.

The total amount of the insurance in force on the property,

at the time of the loss, was $14,500. The proportion the Niagara Fire Insurance Company would have to pay, except for the mortgagee clause, as its proportionate contribution towards the loss of $5,205.82, is the sum of $1,256.58; by reason of delay in making settlement of the loss, interest had accrued to the mortgagee, up to date of the assignment of the decree, amounting to $131.58, making a total proportion of the loss for which the Niagara Fire Insurance Company admits liability of $1,-388.16; and the Niagara Fire Insurance Company claims that in making a settlement with the mortgagee under the policy and mortgagee clause for $3,416.67, it paid him $2,028.51 more than complainant would have been entitled to recover from it for its proportion of the loss.

The defendant Niagara Fire Insurance Company is now seeking to enforce the decree assigned to it (and which has been duly filed with the clerk of this court, and under which it has been substituted for McFadden, as complainant in the foreclosure suit) by the sale of the mortgaged premises to recover this alleged excess payment of $2,028.50, with interest from the date of its settlement with the mortgagee, contending that by the terms of the policy and the mortgagee clause, and by the assignment of the bond, mortgage and decree of foreclosure, it is entitled to be subrogated to the rights of the mortgagee to recover the amount it claims to have paid, in excess of the amount it was liable to pay, under its policy, to complainant as owner and mortgagor.

Complainant contends, however, that she is entitled to have the amount paid by the Niagara Fire Insurance Company to the mortgagee credited and applied in satisfaction of the debt secured by the mortgage; and to have the mortgage surrendered for cancellation; and that she is also entitled to have paid to her, by the Niagara Fire Insurance Company, the difference between $3,500 the amount of the policy and the amount of $3,416.67 paid by the Niagara Fire Insurance Company to the mortgagee.

There is no dispute regarding the liability of the Niagara Fire Insurance Company under the mortgagee clause to pay the mortgagee the amount of his claim.

The policy of the Niagara Fire Insurance Company contained the following provision:

"This company shall not be liable under the policy for a greater proportion of any loss on the described property or for loss by any expense of removal from premises endangered by fire, than the amount hereby insured shall bear to the whole insurance, whether valid or not, or by solvent or insolvent insurers, covering such property, and the extent of the application of the insurance under this policy or of the contribution to be made by this company in case of loss may be provided for by agreement or condition written hereon or attached or appended hereto."

The mortgagee clause attached to this policy reads in part as follows:

"Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that as to the mortgagor or owner no liability therefor existed, this company shall, to the extent of such payment, if thereupon legally subrogated to all the rights of the parties to whom such payments shall be made under all securities held as collateral to the mortgage debt, or may, at its option, pay to mortgagee with interest, and shall thereupon receive a full assignment and transfer of the mortgage and all other such securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of their claim."

The questions to be determined are the extent of the liability under its policy of the defendant the Niagara Fire Insurance Company to the complainant, as owner and mortgagor, and its equity, if any, to be subrogated to the rights of the mortgagee.

The insurance company admits that, under the terms of the policy and mortgagee clause, it was compelled to pay the mortgagee the principal and interest of the debt due him, up to the amount of the policy, if necessary, but it insists that, notwithstanding this liability to the mortgagee, it was only liable, by reason of the limitation imposed by the contribution clause of the policy, to pay complainant, as owner, such proportionate share of her loss, that the amount of its policy bore to the total amount of insurance upon the premises, and that as it was compelled by the terms of the mortgagee clause to pay the mortgagee $2,028.51 in excess of the amount for which it was liable to complainant, as owner, it is entitled to be subrogated to the rights of the mortgagee to the amount of such excess payment; and

should be permitted to collect the same by a sale of the mortgaged premises, and, if necessary, by an action against complainant on her bond for any deficiency.

The situation presented is this: Complainant at her own expense procured insurance from the Niagara Fire Insurance Company, payable to herself and her mortgagee; the amount she could recover, from this company and each of the other insurers, in the event of loss, was limited by the contribution clause of the policy, and the amount the mortgagee could recover was limited only by the amount of the debt due him and the amount of the policy.

The insurance company, in the language of the mortgagee clause, does not "claim that as to the mortgagor or owner no liability" for the payment made by it to the mortgagee existed; on the contrary, it admits a total liability to the mortgagee, and also admits its liability to complainant, as owner or mortgagor, for its full contribution of the loss called for by the policy.

The rule governing the rights of the parties, under such circumstances, is stated as follows, in *19 Cyc. 895*, &c.:

"If insurance is taken by a mortgagor for his own benefit or for the benefit of the mortgagee, or by the mortgagee in the mortgagor's interest and at his expense, payment of insurance money to the mortgagee goes to the benefit of the mortgagor in satisfaction *pro tanto* of the mortgage debt, but where the insurance is for the mortgagee's sole protection and the mortgagor has not procured it, or has lost the right to rely upon it, the company, in paying to the mortgagee the insurance money, becomes entitled to equitable subrogation *pro tanto* to the security held by the mortgagee, and this right of subrogation is usually made a contract right by a provision in the policy that on the payment of loss under the policy the mortgagee shall assign his mortgage to the company in full or *pro tanto* as the case may be."

This rule has been followed in *Sussex County Mutual Insurance Co.* v. *Woodruff, 26 N. J. Law 541;* *Pearman* v. *Gould, 42 N. J. Eq. 4;* *Nelson* v. *Bound Brook Mutual Insurance Co., 43 N. J. Eq. 256;* *Hare* v. *Headley, 54 N. J. Eq. 546,* &c.; *Leyden* v. *Lawrence, 78 N. J. Eq. 453.*

From the facts stated it is apparent that neither of the requisites to entitle the insurance company to subrogation, viz., an insurance effected by the mortgagee at his own expense, or a denial of liability to the owner or mortgagor, is present in this

case. The insurer by its contention is asking the court, in effect, to add a provision to the contract of insurance, which it neglected to impose when the mortgagee clause was attached to the policy —that is, it asks that a contribution clause be read into the mortgagee clause, limiting its liability thereunder as a similar clause limits its liability to the owner under the policy.

It is a matter of common knowledge that insurance companies issue the standard form of mortgagee clause both with and without the clause for full contribution from other insurers; and limiting liability thereby. In the present case, the Niagara Fire Insurance Company saw fit to issue and to attach to complainant's policy the mortgagee clause, without the provision for contribution by other insurers; and without limiting thereby its liability for a greater proportion of any loss or damage sustained than the amount of its policy bore to the whole amount of insurance upon the property, whether such insurance was issued to or held by the owner or mortgagee, and it now asks the court by its contention to supply this omission from the mortgagee clause under consideration.

This, of course, cannot be done, and as complainant procured the insurance at her own expense, and as the insurance company does not disclaim, but admits liability to her as owner and mortgagor, she is entitled to have the amount paid the mortgagee credited in satisfaction of the mortgage debt, and to have the bond, mortgage and decree of foreclosure surrendered for cancellation, but complainant is not entitled to have paid her the difference between the amount of the policy and the amount paid the mortgagee.

The contract of insurance is a contract of indemnity. *Kase* v. *Hartford Fire Insurance Co., 53 N. J. Law 34.* By its payment to the mortgagee, in which payment was included the total amount for which the insurance company had agreed to indemnify complainant for her loss, the company has performed its obligation under the contract, set forth in the policy and in the mortgagee clause, and it is not liable for further payment to complainant, as the amount of such payment is beyond the amount for which it agreed to indemnify her.

A decree will be advised in accordance with the views herein expressed.