Florence E. Palmer, respondent,

*v.*

Niagara Fire Insurance Company, appellant.

[Argued November Term, 1916.   Decided November Term, 1916.]

Where the owner of mortgaged premises, procured a policy of insurance, in her name, with the usual mortgagee clause contained therein, and after a fire the company paid to the mortgagee the amount of the mortgage, and took an assignment of the mortgagee's interest in the bond and mortgage, as well as an assignment of a final decree on foreclosure, of the mortgaged premises, and proceeded to enforce the decree— *Held*, that the owner of the equity of redemption was entitled to a credit upon the decree, to the extent of the *pro rata* share which the company would have been obliged to pay to the mortgagor, upon an adjustment of the loss between the company and its co-insurers.

On appeal from the court of chancery.

*Mr. William A. Reibel,* for the respondent.

*Messrs. Lindabury, Depue & Faulks,* for the appellant.

The opinion of the court was delivered by

MINTURN, J.

The complainant was owner of real estate in Elizabeth. On March 11th, 1911, she executed a bond and mortgage thereon to John A. McFadden, as guardian, to secure payment of $3,500. She procured insurance on the property from three companies, aggregating $14,500, among which was a policy from the Niagara Fire Insurance Company for $3,500. This was the only policy containing the usual standard mortgagee clause, with a right of subrogation upon payment of the amount due to the mortgagee. The latter foreclosed his mortgage, and on December 18th, 1913, obtained a decree for $3,225, with interest. A fire occurred on December 20th, 1912, completely destroying the insured premises. Suit at law upon the other policies required the Scottish Insurance Company to pay complainant $2,460 for its proportion of the loss, and the Northern Insurance Company to pay $2,150 for its share.

The proportion which the Niagara company would have had to pay to the complainant, under a policy devoid of the mortgagee clause, as its contribution to the loss was conceded to be $1,388.16. Having paid the mortgagee his full claim of $3,416.67, it now insists that so far as this complainant is concerned, it has overpaid upon the policy the difference between its proportionate share of liability, under a policy devoid of the mortgagee clause, and its actual payment to the mortgagee, viz., $2,028.51, and to that extent it claims the right to exercise and enforce its privilege of subrogation. To that end it obtained from the mortgagee an assignment of his securities and final decree, and an agreement of subrogation, and in the attempt to enforce its claim is opposed by the complainant who filed this bill to enjoin the insurance company from enforcing its demand.

The bill also seeks to compel the surrender of the bond and mortgage for cancellation, as well as to compel the company to pay to the complainant the difference between the face of the policy and the amount paid to the mortgagee. The insurance was effected by the complainant, at her own expense, payable to her subject to the usual mortgagee clause. It must be obvious that the claim of the complainant, if acceded to, would result in her enrichment by this investment, over and above her loss, to the extent of $2,770.85; and since fire insurance is conceded to be a method of indemnity for loss, and not a speculation for gain or gamble, the effort to reconcile these conflicting claims upon equitable principles must be pursued with that fundamental doctrine in mind. *Insurance Company* v. *Bailey, 13 Wall. (U. S.) 616; Fire Association* v. *Schellenger, 83 N. J. Eq. 144.*

The rights of the mortgagee, and the status of the mortgagor, under this policy, were radically different, so far as the liability of the company is concerned.

In the former case its liability was co-extensive with the amount of the mortgage, where the policy was sufficiently large to cover it, not exceeding the liability of the company to the mortgagor. *Eddy* v. *L. A. Corporation, 143 N. Y. 311; Franklin Savings Inst.* v. *Central Insurance Co., 119 Mass. 240.*

In the latter instance, the extent of the company's liability depended upon the extent to which all co-insurers under the clause for that purpose were legally obligated to contribute to the loss. *Wiggin* v. *Suffolk Insurance Co., 18 Pick. (Mass.) 145; 14 R. C. L. 482,* and cases cited.

This latter amount having been determined, the liability of the company to the mortgagor must be accordingly limited, regardless of what might be its liability to the mortgagee.

The result is that the limit of the complainant's recovery, upon the policy, in a court of law, would be the company's *pro rata* share of the total loss, based upon the co-insurance clause of the policy. It is apparent, therefore, that the two liabilities inherent in the policy are totally distinct and independent, and productive of different results in each instance. *Hastings* v. *Westchester Fire Insurance Co., 73 N. Y. 141.*

The rights of the mortgagor must be determined, not by the claim of the mortgagee upon the policy, but by the legal right accorded to the mortgagor; and upon that principle only can the liability of the company in this instance be predicated.

The right of the company to be subrogated to the rights of the mortgagee, under the provisions of the policy being manifest (*Hare* v. *Headley, 54 N. J. Eq. 545*), the equitable doctrine of subrogation must be so effectuated, as to do equity between the parties according to their legal rights, as herein indicated, by crediting upon the decree the sum which the complainant would be entitled to receive from the company, under the co-insurance provision of the policy, with interest.

To that extent the decree appealed from will be modified and in other respects reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER—13.