The complainant was insured against loss of his property by fire by the two first named insurance companies, each for $10,000, loss, if any, payable to the Mortgage and Title Company, holder of an $18,000 mortgage. A fire destroyed *Page 448 
the property. The insurance companies, denying liability to the complainant, adjusted the loss with the mortgagee at $9,000, each paying to it one-half, each taking an assignment of the mortgage to that extent in virtue of the right of subrogation under the standard mortgagee clause in the policies. The assignment was to a trustee. The Mortgage and Title Company filed a bill to foreclose its mortgage and the property has been advertised for sale under a decree to make $9,237 the balance due the mortgagee and $9,156 due the insurance companies' trustee. The complainant was, of course, a party to that suit; he made no defense.
The bill now presented is to restrain the sale; to compel the insurance companies to pay off the mortgage; to compel the mortgagee to elect between its right under the mortgagee clause in the policies and the security of its mortgage, and that the insurance companies be denied their right of subrogation. There is originality in the effort. To color the bill as one for relief for fraud, the pleader characterizes the assignment to the trustee as a "subterfuge" and the foreclosure bill as "sham and collusive." There are no specific allegations of inequitable conduct and the meaningless vituperation is pure scandal. Naked charges of fraud are offensive and reprehensible.
The theory of the complainant is, that the mortgagee clause in the policies imposes upon the insurance companies the obligation to pay the mortgage debt. That is not so. The liability is limited to the loss by fire. Palmer v. Niagara Fire InsuranceCo., 87 N.J. Eq. 347.
The contention that the amount of the policies is a fund between which and the mortgage security the mortgagee is bound to choose to make its debt is fanciful. Even if the policies were a fund, a debtor cannot dictate to his creditor out of which of his securities he should make his debt. The equity lies only in a subordinate holder of some of the property.
The decree in favor of the trustee for the insurance companies was regularly and lawfully entered and is not here *Page 449 
open to attack. Having denied liability to the owner, upon discharging their obligation to the mortgagee, they became subrogated to the mortgage security pro tanto, manifested by the assignment to their trustee. American Eagle Fire InsuranceCo. v. Grant Building and Loan Assn., 108 N.J. Eq. 83. The decree is res adjudicata. If the complainant has a defense he should have made it when the opportunity was afforded in the foreclosure suit.
To the foreclosure decree in favor of the mortgagee, there is absolutely nothing of merit in the bill to warrant interference with its execution.
The complainant has an action pending at law against the insurance companies upon the policies. By his bill he, in effect, seeks to recover on the policies in this court to create a fund out of which to pay the balance due the mortgagee, and to offset the decree of the insurance companies in the foreclosure suit. His rights under the policies are essentially legal and, disputed, are enforceable at law only. He has no equity to restrain the mortgagee until he can put himself in funds to pay the mortgage debt. Security Building and Loan Assn. v. Grande,102 N.J. Eq. 320. Had he, in the foreclosure suit, asserted his claim on the policies against the insurance companies and contested their right to subrogation, the court would have stayed the proceedings in that respect and awaited the outcome of the action at law.
As the decree in foreclosure stands unimpeached by the allegations of the bill, an injunction will be denied and the bill dismissed.
If the complainant is entitled to relief he must seek it in the foreclosure suit. If his cause has merit, equity will not turn him away unless he has forfeited his right to be heard by his conduct. *Page 450