DUNCAN BUILDING AND LOAN ASSOCIATION, A DULY ORGANIZED CORPORATION IN THE STATE OF NEW JERSEY, PLAINTIFF, v. GLENS FALLS INSURANCE COMPANY OF GLENS FALLS, NEW YORK, AND CASIMIRO FERRO AND LUCIA FERRO, HIS WIFE, DEFENDANTS.

DUNCAN BUILDING AND LOAN ASSOCIATION, A DULY ORGANIZED CORPORATION IN THE STATE OF NEW JERSEY, PLAINTIFF, v. THE LIVERPOOL, LONDON AND GLOBE INSURANCE COMPANY, LIMITED, OF LIVERPOOL, ENGLAND, AND CASIMIRO FERRO AND LUCIA FERRO, HIS WIFE, DEFENDANTS.

DUNCAN BUILDING AND LOAN ASSOCIATION, A DULY ORGANIZED CORPORATION IN THE STATE OF NEW JERSEY, PLAINTIFF, v. THE MECHANICS INSURANCE COMPANY OF PHILADELPHIA AND CASIMIRO FERRO AND LUCIA FERRO, HIS WIFE, DEFENDANTS.

Decided September 15, 1933.

For the plaintiff, *Henry Ewald.*

For the defendants, *Lum, Tamblyn & Colyer.*

ACKERSON, S. C. C. This is a motion by the defendant insurance company in each of five cases, to be permitted to

amend its answer by adding thereto a new defense setting up a right in such insurance company to pro rate the other policies of insurance held by the plaintiff and covering its interest as mortgagee in the insured premises, so that the defendant will only be liable to contribute a proportion of plaintiff's loss to be based upon the total amount of insurance held by the plaintiff to protect such interest. The motion is resisted by the plaintiff on the ground that the contract between the plaintiff and each of the insurance companies contains no such agreement.

It is fundamental that in the absence of some contractual provision, each insurer, where several policies are involved, is liable to the insured for the full loss up to the amount of insurance named in the particular policy. The insured is, of course, entitled to but one indemnity, but he may nevertheless look for that indemnity to any one or more of his policies in the absence of any stipulation for pro rating. 26 *C. J.* 361, § 462.

Each of the five policies here involved is in the standard form and contains the usual pro rating clause providing, *inter alia,* that the insured shall not be liable for a greater proportion of any loss than the amount insured shall bear to the whole insurance, whether valid or not, &c. The plaintiff's interest as mortgagee is protected in each policy by the addition thereto of a standard mortgagee clause in the body of which no reference whatever is made to contribution or pro rating.

Therefore the question presented for solution is whether the pro rating clause contained in the body of the original contract of insurance between the insurer and the mortgagor or owner of the insured premises is to be read into and become a part of the separate contract existing between the insurer and the mortgagee by reason of the aforesaid mortgagee clause.

It is well settled that where several policies cover the same property, some of which are held by a mortgagee to protect his interest and others covering only the interest of the mortgagor or even the interest of the mortgagee, but without the latter's knowledge or consent, the mortgagee is not obliged

to pro rate the policies so held by him upon his interest with those taken out by the owner of the premises or others without the mortgagee's knowledge or consent. *Eddy* v. *London Assurance Corp.*, 143 *N. Y.* 311; *Reed* v. *Firemen's Insurance Co.*, 81 *N. J. L.* 523; 80 *Atl. Rep.* 462; *Hastings* v. *Westchester Fire Insurance Co.*, 73 *N. Y.* 141. In these cases, however, it was unnecessary for the court to go further to justify the conclusion reached than to rely upon the provision contained in all standard mortgagee clauses which reads as follows:

"This insurance, as to the interest of the mortgagee [or trustee] only therein, shall not be invalidated by any act or neglect of the mortgagor or owner of the within described property," &c.

In the instant case, however, it will be noticed that all five policies insure the interest of the mortgagee by virtue of the mortgagee clauses attached thereto, and that they must have been taken out with its approval, for it is now suing thereon. Under such circumstances, therefore, is the pro rating clause contained in the body of the insurance policy to become a part of the separate contract between the insurer and the present plaintiff as mortgagee? In the case of *Reed* v. *Firemen's Insurance Co., supra,* our Court of Errors and Appeals, speaking through Mr. Justice Voorhees, said:

"The policy furnishes the terms of the contract between the owner and the insurer, the mortgagee clause is the contract between the insurer and the mortgagee, quite separate from the policy, yet engrafted upon it, and to be understood by reference to the policy which renders it certain and complete.

"The policy, therefore, may be looked at for the purpose of showing what the mortgagee contract refers to and establishes, *which is quite different, however, from examining the policy for the purpose of defeating the engrafted contract.*

"The Court of Appeals of New York, in *Eddy* v. *London Assurance Corp.*, 143 *N. Y.* 311, referring to the mortgagee clause, says, 'the controlling idea was a separate insurance of the mortgagee, freed from the conditions attached to the insurance of the owner, and not to be impaired or weakened by

any act or neglect of such owner * * * by taking the insurance in the manner the mortgagee herein did, instead of taking out a separate policy, all the provisions in the policy which from their nature would properly apply to the case of an insurance of the mortgagee's interest would be regarded as forming part of the contract with him, while those provisions which *antagonize or impair* the force of the particular and specific provisions contained the clause providing for the insurance of the mortgagee must be regarded as ineffective and inapplicable to the case of the mortgagee.' "

Since the pro rating clause contained in the body of the policy is not expressly included in the language of the mortgagee clause attached to the policy it can only become a part of the latter by implication, and if we look for a basis for such an implication we would be, in the language of the case just quoted "examining the policy for the purpose of defeating the engrafted contract," for the provision for pro.rating would defeat in part the full indemnity expressly provided for the mortgagee clause and would "antagonize and impair the force of the particular and specific provisions" contained therein.

The following language from the opinion in the case of *Palmer* v. *McFadden,* 86 *N. J. Eq.* 377 (at *p.* 383) ; 98 *Atl. Rep.* 462, seems pertinent:

"The insurer by its contention is asking the court, in effect, to add a provision to the contract of insurance, which it neglected to impose when the mortgagee clause was attached to the policy * * * that is, it asks that a contribution clause be read into the mortgagee clause, limiting its liability thereunder as a similar clause limits its liability to the owner under the policy.

"It is a matter of common knowledge that insurance companies issue the standard form of mortgagee clause both with and without the clause for full contribution from other insurers; and limiting liability thereby. In the present case, the Niagara Fire Insurance Company saw fit to issue and to attach to complainant's policy the mortgagee clause, without the provision for contribution by other insurers; and without limiting thereby its liabilty for a greater proportion of any loss or damage sustained than the amount of its policy

bore to the whole amount of insurance upon the property, whether such insurance was issued to or held by the owner or mortgagee, and it now asks the court by its contention to supply this omission from the mortgagee clause under the consideration."

The Court of Errors and Appeals, although reversing the final result reached in the last mentioned case nevertheless, holds with the vice-chancellor on the point above quoted. See *Palmer* v. *Niagara Fire Insurance Co.,* 87 *N. J. Eq.* 347 (at *p.* 349).

In support of the position thus taken, reference may also be had to 7 *Couch's Encycl. Ins. L.* 6178, ¶ 1852, and to the case of *Reed* v. *St. Paul Fire and Marine Insurance Co.,* 67 *Pa. Sup. Ct.* 110, which is directly in point.

Furthermore, the standard mortgagee clause in question contains the usual subrogation provision which reads as follows:

"Whenever this company shall pay the mortgagee (or trustee) any sum for loss or damage under this policy and shall claim that, as to the mortgagor or owner, no liability therefore existed, this company shall, to the extent of such payment be thereupon legally subrogated to all the rights of the party to whom such payment shall be made, under all securities held as collateral to the mortgage debt, or may at its option pay to the mortgagee (or trustee) the whole principal due or to grow due on the mortgage with interest, and shall thereupon receive a full assignment and transfer of the mortgage and all such other securities; but no subrogation shall impair the right of the mortgagee (or trustee) to recover the full amount of their claim."

The defendant insurance company is protected by this provision, for, upon the payment of the loss in the case *sub judice,* it claims that it is not liable therefor, on any part thereof, to the mortgagor or owner, it may to that extent be subrogated to the mortgage security, and assert the mortgagee's right under the mortgage debt to that extent, or pay the full amount of the mortgage debt and receive an assignment of the mortgagee's collateral.

In the case of *Hastings* v. *Westchester Fire Insurance Co., supra,* the court, in dealing with this angle of the case, said:

"There are, moreover, strong reasons for claiming that the insertion of the clause, in regard to subrogation, is evidence of an intention that the plaintiff should be exonerated from the application of the provision in the policy as to other insurance, and that the defendant should be protected by subrogation. By the latter provision, whenever the defendant paid the mortgagee any sum for loss, and claimed that as to the mortgagor or owner no liability existed, therefore, the right to be subrogated was complete. If the full amount of the policy had been paid, and it exceeded the liability of the defendant to the owner, as was the fact, if the right to contribution existed, then the defendant was fully protected by the mortgagee clause. Such rights would not have existed if the plaintiffs were within the provision as to other insurance, and hence it follows that it was the intention of the parties to restrict its operation and to provide against its effect by a full and sufficient stipulation entered into for that express purpose. The contract is complete placing such an interpretation upon its provisions, and a contrary one would be adverse to its plain meaning and import."

This was the view taken by the trial court in the case of *Power Building and Loan Association* v. *Ajax Fire Insurance Co.,* 10 *N. J. Mis. R.* 272; 158 *Atl. Rep.* 739. Although this case was reversed upon another point the Court of Errors and Appeals held with the trial judge on the point in question. 110 *N. J. L.* 256; 164 *Atl. Rep.* 410.

On the argument of these motions, by agreement of counsel, the original policies here involved with the mortgagee clauses attached, were submitted to the court for use in reaching a conclusion, and the caption printed at the top of each mortgagee clause clearly reveals the intention of the parties with respect to the question raised by the proposed amendment of the answer. This caption reads as follows:

"Standard mortgagee clause *without contribution.*"

If any doubt otherwise existed as to the intention of the parties that the plaintiff should not be required to pro rate its policies, it would seem to be entirely dissipated by the

explicit language contained in the above quoted caption. Since there is nothing whatever in the body of the mortgagee clause upon the subject of pro rating or contribution, the foregoing caption precludes any such operation arising by implication. *Reed* v. *St. Paul Fire and Marine Insurance Co., supra.*

I have therefore reached the conclusion that the defendants' motion in each of the above entitled cases should be denied, without costs.