The motion will be granted and an order entered changing the venue to Hudson County.

DOROTHY J. ACKER, ADMINISTRATRIX OF THE ESTATE OF ROBERT E. ACKER, DECEASED, PLAINTIFF, v. JOSEPH SKROTSKY, TRADING AS METRO PRINTING SERVICE, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided April 30, 1951.

Mr. *Henry F. Schenk*, attorney for plaintiff.

*Messrs. Riker, Emery & Danzig* (*Mr. Charles W. Kappes, Jr.*, appearing), attorneys for defendant.

STEIN, J. S. C. I consider Dorothy J. Acker individually, in view of her testimony which I have read and examined, taken before Alexander T. Schenk, Esq., master of this court, as a necessary party in the accounting proceedings and the exceptions thereto now pending before the court.

According to her testimony Miss Acker now takes the position that she and Skrotsky as partners took over from the terminated partnership in such way that she has an individual interest therein and her presence in her individual capacity becomes necessary in order to avoid multiplicity of suits. *Schlicher v. Vogel*, 59 *N. J. Eq.* 351 (*Ch.* 1900).

Under *Rule* 3:21 parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. *Maddox v. Horne*, 7 *N. J. Super.* 15 (*App. Div.* 1950).

Additionally, Dorothy J. Acker is a resident of the State of New York and not amenable to the process of this court.

Since it only recently became apparent that Dorothy J. Acker is a necessary party in order that there may be a full and complete determination of all issues before the court, the motion of the defendant will be granted and an order will be entered staying the further proceedings until such time as Dorothy J. Acker will appear in the proceedings in her individual capacity.

The motion to amend the answer setting forth an additional defense alleging that on October 10, 1947, the assets of the partnership were transferred to a newly created partnership consisting of Dorothy J. Acker and the defendant, and that either no accounting is due plaintiff as the transfer was made with the consent of all parties in interest, or that such accounting as may be required is due from Dorothy J. Acker individually and the defendant as members of such new partnership, and to take such other steps in this matter as the defendant may be advised, will be allowed.