51 N.J. Super. 319 (1958)
143 A.2d 853
BOARD OF EDUCATION, TOWNSHIP OF WOODBRIDGE, PLAINTIFF-APPELLANT,
v.
KANE ACOUSTICAL COMPANY, INC., A CORPORATION OF NEW JERSEY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 16, 1958.
Decided July 14, 1958.
*323 Before Judges STANTON, HALL and GAULKIN.
Mr. Bernard Shurkin argued the cause for plaintiff-appellant.
Mr. Ishmael Sklarew argued the cause for defendant-respondent.
The opinion of the court was delivered by GAULKIN, J.A.D.
Pursuant to leave granted under R.R. 2:2-3, plaintiff appeals from an order which purports to amend defendant's answer.
The complaint, in three paragraphs, alleges that the plaintiff, the Board of Education, Township of Woodbridge (hereafter called Woodbridge), "was the owner of a partially completed school building which was in the course of construction," and that defendant "negligently caused a fire to occur on said premises," as a result of which "plaintiff was compelled to expend * * * money to repair and replace portions of the building," for which plaintiff demands damages. The answer, filed March 5, 1957 and equally brief, denies everything but ownership, and alleges that "the fire * * * was caused by the acts of others."
The pretrial order, dated November 13, 1957, says:
"2. Plt contends that, Kane Acoustical Co., the def, under the terms of a contract, was installing acoustical tile in a new school * * * at which time there had been installed in the corridor of the school gas salamanders of propane gas, which had ignited, giving heat for the drying of the plaster walls, when Carl Rapaport, an employee of the def was pushing a buggy containing boxes of acoustical tile along the corridor when he negligently knocked over with the buggy a lighted gas salamander, which caused the hose to become disconnected, causing extensive fire damage to the building.
3. Def contends that it had nothing to do with the cause of the fire that damaged the school building and further contends that the fire was caused by the servants, agents and/or employees of William J. Lyons Construction Co.

* * * * * * * *
5. Pltf claims $16,949.27 damages."
*324 The pretrial order then says:
"6. Def given leave to assert contributory negligence, estoppel through its agent servants and employees.
7. Contributory negligence estoppel, liability and damages."
At the very bottom of the pretrial order, after paragraph 16, which fixed November 27, 1957 as the date for trial, this appears:
"Def is given leave to argue on a motion day prior to trial matter of enlarging amendments to his answer."
The most important purpose of a pretrial order is to have each side state fully what it intends to prove, and why. In the pretrial order in this case the defendant says nothing, either against the charge that Rapaport was its agent, and caused the fire in the manner stated, or about any of the contentions it now advances. No explanation is given of what defendant meant by "Contributory negligence" or "estoppel." Defendant should not have been given "leave to assert contributory negligence, estoppel through its agent servants and employees" in this fashion, without limitation or explanation. Indeed, except where a requested amendment is minor, formal, self-explanatory, or based upon sufficiently complete facts already set forth in the pretrial order or the pleadings, the proper practice is not to give leave to amend unless the proposed amendment is exhibited to the court, preferably by being attached to the notice of motion. Neither the trial court nor the opposing party should "buy a pig in a poke in the shape of an undisclosed amendment." Grobart v. Society for Establishing Useful Manufactures, 2 N.J. 136, 146 (1949); Marsh and Vogel, 3 N.J. Practice, secs. 627-629 (1950). Seeing the proposed amendment enables the court to study it carefully before deciding whether permission to file it should be given. This avoids motions to attack it, for form or substance or because it is different than what the court permitted, after it is filed. It also enables the court then and there, without additional delay, to consider whether further pleading, discovery, amendment *325 of the pretrial order, or other action is necessary. It would also avoid appeals such as this.
Why the defendant did nothing to amend its answer before the pretrial does not appear. On December 13, 1957, almost a year after the complaint was filed, and two weeks after the date fixed for trial in the pretrial order, defendant moved:
"* * * for an order striking the Board of Education of the Township of Woodbridge as a party plaintiff in the cause, or, in the alternative, compelling the Hartford Insurance Company, The Home Insurance Company and the U.S. Fire Insurance Co. and the William J. Lyons Construction Co. to be joined as party plaintiffs; and
For an Order amending the answer filed in the cause to allege that the contributory negligence or any wrongdoing on the part of William J. Lyons Construction Co., the insured contractor and the real and actual subrogor of the said fire insurance companies, be a bar to any recovery by the said fire insurance companies in their own name or in the name of the Board of Education of the Township of Woodbridge and/or William J. Lyons Construction Co.; and
For an Order accordingly amending the Pretrial Order entered in the cause, and the defendant shall rely on the memorandum of law annexed hereto in support of said Motion."
If any affidavit was filed in support of the motion we do not have it, nor do we have the memorandum of law mentioned in the notice of motion. Hence we do not know what facts and documents were presented to the court below in support of this motion, and we can only surmise the basis for it from the language of the order appealed from. Indeed, nothing in the appendix even tells us what it is that the William J. Lyons Construction Co. (hereafter called Lyons) is alleged to have done, that constitutes contributory negligence.
The motion came on before a judge other than the pretrial judge. He signed an order March 18, 1958, in which he denied
"* * * the application for an Order striking the Board of Education, Township of Woodbridge, as a party plaintiff in the cause, or, in the alternative, compelling the Hartford Insurance Company, the Home Insurance Company and the U.S. Fire Insurance Co. and William J. Lyons Construction Co. to be joined as party plaintiffs * * *"
*326 But he did order:
"* * * that the defendant's Answer filed in the cause be and the same is hereby amended to allege that the contributory negligence or any wrongdoing on the part of William J. Lyons Construction Co., the insured contractor and real and actual subrogor of the Hartford Insurance Company, The Home Insurance Company and the U.S. Fire Insurance Co., be a bar to any recovery by the said fire insurance companies in their own name or in the name of the plaintiff Board of Education, Township of Woodbridge and/or William J. Lyons Construction Co.; and
It is FURTHER ORDERED, that Paragraph 1 of the Pretrial Order entered in the cause be and the same is hereby amended to state that the action is based on a subrogation claim by the Hartford Insurance Company, The Home Insurance Company and the U.S. Fire Insurance Co., subrogee-insurers of the William J. Lyons Construction Co., contractor, and the Board of Education, Township of Woodbridge, owner, in the name of the plaintiff Board of Education of the Township of Woodbridge; and
It is FURTHER ORDERED, that Paragraph 3 of the Pretrial Order be and the same is hereby amended to include the defense that the contributory negligence or any wrongdoing on the part of the said William J. Lyons Construction Co. be a bar to any recovery by the said fire insurance companies in their own name or in the name of the Board of Education, Township of Woodbridge and/or William J. Lyons Construction Co."
Plaintiff now appeals from that order, and says it should be reversed because the contributory negligence of Lyons, even if it exists, does not bar the right of Woodbridge, which is free from negligence, to recover.
Whether appellant's argument is sound depends upon the contract between Lyons and Woodbridge, the provisions of the insurance policies, what the interests of Lyons and Woodbridge were in the school building at the time of the fire, and upon who was entitled to the proceeds of the insurance, and how much, as of the date of the fire. The pretrial order says Kane was working "under the terms of a contract," but doesn't say who the other contracting party was. That contract also might have a bearing on the result. Nothing in the record gives us any of this information. At the oral argument, counsel for the appellant did admit that the insurance company checks, totalling $16,949.27, though payable *327 to Lyons and Woodbridge, had been endorsed over by Woodbridge to Lyons. Why, he said he did not know.
The necessity for the above-mentioned information is obvious. Appellant admits that this is a subrogation case, instituted by the insurance companies, to get back the $16,949.27, and that Woodbridge will receive no part of any recovery. The rights of the subrogated insurers can rise no higher than the rights of its insured, against the third party. Furthermore, a subrogee is "subject to all legal and equitable defenses that the third party may have either against him or against the insured, and there can be recovery only if the cause is just and enforcement is consonant with right and justice." Standard Accident Ins. Co. v. Pellecchia, 15 N.J. 162, 172, 173 (1954).
The appellant has printed in its appendix the affidavit of its attorney filed in support of its application for leave to appeal. Passing the question whether this affidavit is properly part of the record which we would have the right to consider as against the respondent, we do note that in it appellant admits that each of the fire insurance policies insured both Woodbridge and Lyons. The building was a new school. We assume (the appendix does not say) that Lyons had the contract for general construction, and that Kane was its subcontractor. (See, however, R.S. 18:11-10, as amended L. 1953, c. 272.)
In the absence of contractual arrangements to the contrary, the risk of loss by fire to a new building in course of construction is presumed to fall upon the builder. If it burns, it must be rebuilt by the builder, without additional compensation. Since we do not have the Woodbridge-Lyons contract, we have no means of telling whether that was the situation here.
If these policies were builder's risk policies, in the form commonly used in New Jersey today, and if the owner had not yet paid anything for the building when the fire happened, and had no pecuniary interest therein covered by the policy, the builder ordinarily would be entitled to all of the insurance money and the owner to none. The same would be *328 true if the builder rebuilt after the fire, before the insurance monies were paid over by the insurance companies. On the other hand, other circumstances (or the policies or contracts) may give the owner the right to some or even all of the proceeds. Again, without the data mentioned above, we can not tell what the rights of the parties are. Cf. Decorative Utilities Corp. v. National Motors Trucking Corp., 123 N.J. Eq. 48 (Ch. 1938); Flint Frozen Foods, Inc., v. Firemen's Ins. Co. of N.J., 8 N.J. 606 (1952); Trade Insurance Co. v. Barracliff, 45 N.J.L. 543 (E. & A. 1883); Leyden v. Lawrence, 79 N.J. Eq. 113 (Ch. 1911), affirmed 80 N.J. Eq. 550 (E. & A. 1912); Palmer v. McFadden, 86 N.J. Eq. 377 (Ch. 1916), reversed on other grounds Palmer v. Niagara Fire Ins. Co., 87 N.J. Eq. 347 (E. & A. 1916); Power B. & L. Ass'n v. Ajax Fire Ins. Co., 110 N.J.L. 256 (E. & A. 1933).
Where the fire is due to the fault of a third party, action may be brought in the name of the owner, or the builder, or both. If the action is brought in the name of the owner, if he is not entitled to all of the proceeds, he holds the balance in trust for the builder. Decorative Utilities Corp. v. National Motors Trucking Corp., supra; Williams & Co. v. Auto Express Co., 78 N.J. Eq. 165 (Ch. 1910); Standard Accident Ins. Co. v. Pellecchia, supra. If the owner is not entitled to any of the insurance monies, he holds all of it in trust for the builder. Decorative Utilities Corp. v. National Motors Trucking Corp., supra. As to that portion of the recovery which belongs to the cestui, the cestui's contributory negligence is a defense. The subrogee of the owner or of the builder may join in the action, or sue in its own name. R.R. 4:30-1; 2 Schnitzer & Wildstein, N.J. Rules Service, A-IV, p. 877 et seq.; Standard Accident Ins. Co. v. Pellecchia, supra.
If Lyons was jointly responsible with Kane for negligently causing the fire, and Woodbridge was not entitled to any of the insurance monies at the time they were paid over, that would be a complete defense to Kane against Woodbridge and its subrogees.
*329 It follows that it would have been better if, in the first instance, Kane had exhibited to the court its proposed amended answer, setting forth upon what facts it is claimed Lyons' negligence contributed to the happening. If the court, after examining the proposed amended answer, felt it should be filed, all of the pertinent information relating thereto should have been obtained from the parties (by discovery if necessary) and the pretrial order should have been amended to set forth that information, and the contentions of the parties with reference thereto. We think that should be done now.
Appellant seems to argue that, since the insurance companies here have chosen not to sue in the name of Lyons, but in the name of Woodbridge alone, and Lyons is not a party to the action, defendant may not assert the contributory negligence of Lyons, even to the extent of the insurance monies that belonged to Lyons. No form of pleading can insulate an action against a trial of the merits. Ertag v. Haines, 30 N.J. Super. 225 (Law Div. 1954); Standard Accident Ins. Co. v. Pellecchia, supra.
It may be that after an examination of the policies, and the Lyons-Woodbridge and the Kane contract, and of the facts, it may develop that Woodbridge does properly sue alone, and that the defenses now advanced by Kane are not valid against Woodbridge. That will be for the trial judge to decide. On the other hand, the trial judge may then decide that Lyons, and even the insurance companies, should be made parties to the proceedings. R.R. 4:30-1, the so-called "real party in interest" rule does not prevent the court from bringing in other parties whenever justice demands it, or to avoid multiplicity of suits. It "allows but does not require actions to be brought by the real party in interest as distinguished from any other party in interest. This does not imply however that a formal party, or one who claims no substantial interest in the recovery, will be entitled to sue over the objection that the real party in interest is neither in the action, nor adequately represented by other parties * * *." Schnitzer & Wildstein, *330 supra, at p. 887; Acker v. Skrotsky, 13 N.J. Super. 375 (Ch. Div. 1951); Ertag v. Haines, supra. Cf. National Garment Co. v. New York, C. & St. L.R. Co., 173 F.2d 32 (8 Cir. 1949); Jennings v. Studebaker Sales Corp., 112 N.J.L. 399, 408 (E. & A. 1934).
Appellant insists Kane should file a third-party complaint against Lyons. This Kane declines to do, apparently  as was indicated at the oral argument  because Kane's liability insurance carrier, which is defending this action, also insures Lyons as well, probably by the same policy, against liability. Kane cannot be compelled to file a third-party complaint, if it does not choose to do so. However, if upon the development of all of the facts the trial judge decides that justice demands it, not only Lyons but its insurance carrier, as well as the subrogees, may be made parties to the action.
Appellant also says that one of the insurance companies took a "loan receipt," and argues that that makes a difference. The loan receipt, if there is one, is not in the record. Within the issues summarized by us to exist here, it would not seem to make any difference, but that too will be for the trial judge to decide after the full development of the facts.
The order appealed from should not have undertaken, in such general terms, to amend defendant's answer, or the pretrial order. The defendant should have presented the proposed amended answer for inspection by the court and counsel. If its filing was then allowed, the pretrial order should have been amended by the giving of a full statement of the agreed facts, and of the facts contended but not agreed upon. To that extent that order is therefore reversed and the case will be remanded for further proceedings not inconsistent with this opinion. The defendant may, by motion returnable within 20 days of the issuance of our mandate, present to the trial court such amended answer as it desires to file. Even if no amended answer is filed, there should be a new pretrial order, of the quality mentioned above.
No costs.