# OCTOBER TERM, 1908.*

## HOOCK v. SLOMAN.

1. MORTGAGES — FORECLOSURE — SALE — NOTICE — PUBLICATION — CHARACTER OF NEWSPAPER.

    Publication of a notice of foreclosure sale in a weekly newspaper of legal and business information, which has been published for many years in the city in which the sale is held, and which is a medium for the publication of legal advertisements, is sufficient against the objection that it should have been published in a daily newspaper of general information, the statute making no such requirement.

2. SAME — SALE — CONFIRMATION — OBJECTIONS — INADEQUACY OF PRICE.

    Objections to the confirmation of a foreclosure sale on the ground of inadequacy of price are not sustained where defendant makes no offer to increase the bid if a resale is ordered, and complainant offers to accept the amount due with interest and costs.

Appeal from Wayne; Brooke, J. Submitted October 15, 1908. (Docket No. 74.) Decided November 30, 1908.

Bill by Henry Hoock against Adolph Sloman and Lottie T. Sloman for the foreclosure of a mortgage: On objections of defendants to the confirmation of sale. From an order overruling the objections, defendants appeal. Affirmed.

*Edward S. Grece*, for complainant.

*Maybury, Lucking, Emmons & Helfman*, for defendants.

---

*Continued from Vol. 154.

GRANT, C. J. After the decision of this court in the above-entitled cause (145 Mich. 19) affirming the decree, except as to the taxes and interest thereon which had been paid since the filing of the bill, the case was remanded, further proofs taken, decree entered and a sale made by the commissioner, and the report thereof to the court confirmed. From the order of confirmation defendants have appealed.

They allege four reasons for setting aside the order of confirmation:

(1) That the sale was unfair.

(2) That it was made in undue haste.

(3) That the notice was not published in a newspaper authorized by law.

(4) That the mortgaged premises are worth more than the sum for which they were sold.

We find nothing in the record to indicate that the sale was unfair, or that any undue haste was exercised therein. The defendants had a representative at the sale, and he made no protest against the manner in which it was conducted.

The law journal in which notice of sale was published is " a weekly newspaper of legal and business information." It has been published for many years in the city of Detroit, and is a medium for the publication of legal advertisements. Counsel for the defendants claim that the notice should have been published "in a daily newspaper of general circulation." The statute has no such requirement. A publication in a weekly newspaper is as valid as in a daily one.

As to the fourth reason, it is sufficient to say that the defendants' petition makes no offer to increase the bid if a resale is ordered. *Leonard* v. *Taylor*, 12 Mich. 398; *Farmers' Bank of Grass Lake* v. *Quick*, 71 Mich. 534. See, also, *Nugent* v. *Nugent*, 54 Mich. 557; *Page* v. *Kress*, 80 Mich. 85. Aside from this, however, we do not think the affidavits filed in opposition to the confirmation make a case of gross inadequacy of price. This

claim is further answered by the offer on the part of the complainant to accept the amount due, with interest and costs.

Decree affirmed, with costs.

BLAIR, HOOKER, MOORE, and McALVAY, JJ., concurred.