The complainant's bill is to foreclose a mortgage. The owner-defendant, a corporation, admits the mortgage debt to be due, and counter-claims, setting up that the complainant holds a fire insurance policy made out to the owner and payable to the complainant as mortgagee, and containing the standard mortgagee clause that, in case of fire, and the insurance company denied liability to the owner, upon payment of the loss to the mortgagee, it would be entitled to the mortgage by subrogation and assignment; that a fire occurred, and that the owner has brought suit on the policy, in which the complainant was joined as party plaintiff. Then follows this novel claim: That under the standard clause the insurance company cannot in the lawsuit set up against the mortgagee any meritorious defense it may have against the owner; that this foreclosure suit is prosecuted for the benefit of the insurance *Page 321 
company; that the insurance company is using this court to embarrass the owner and to force a compromise, and that the foreclosure suit was to cut off subsequent lienholders, and, in substance, that it will do the complainant no harm and the owner a whole lot of good to restrain the foreclosure until the lawsuit is determined. The prayer is that the complainant be accordingly restrained, and that upon the complainant recovering in the lawsuit, to which it is a party in invitum, the bill be dismissed. The motion is to strike the counter-claim for want of equity and that it is sham and frivolous.
The counter-claim offers no defense in bar. It is dilatory in nature, i.e., that the complainant should wait until the owner recovers from the insurance company on its promise to pay to the mortgagee, and as to which it is defenseless. There are three answers, each self-sufficient. The insurance policy does not equal the mortgage debt; the mortgage is due and the complainant cannot be halted to put the owner in funds to discharge the debt (Cashin Co. v. Allamac Hotel Co., 98 N.J. Eq. 432), and that the insurance company's contract of immunity to the mortgagee from meritorious defenses it may have against the owner is purely personal to the mortgagee, and conditional that the mortgage debt be assigned upon payment of the policy. "The standard mortgagee clause creates an independent contract of insurance for the separate benefit of the mortgagee and grafted on the main contract of insurance contained in the policy itself and to be rendered certain and to be understood by reference to the policy." Reed v. Firemen's Insurance Co.,81 N.J. Law 523. The owner is evidently laboring under the mistaken notion that having made the complainant a party to the suit at law, it will be able to recover, at least, to the extent of the mortgagee's right under the mortgagee clause, and that the amount thus recovered and applied will discharge the complainant's debt and end this foreclosure suit. The contract of the insurance company is not that the payment of the loss shall be in discharge of the mortgage, but that the payment shall be the consideration for an assignment of the debt. *Page 322 
The contract with the mortgagee does not, and never can, inure to the benefit of the owner. If and when the insurance company discharges its obligation to the mortgagee, claiming that it owes no duty to the owner, then it will step into the shoes of the mortgagee by way of subrogation or assignment.
The motion is granted.
This disposes of a similar motion made in Woodside Buildingand Loan Association v. Frank Grande, and also the petition of a subsequent mortgagee-defendant for leave to file a similar counter-claim in each action.