DEHMEL, Respondent, vs. SMITH, Appellant. [Two cases.]

*October 9, 1929—January 7, 1930.*

For the appellant there were briefs by *Lines, Spooner & Quarles* of Milwaukee, and oral argument by *Charles B. Quarles*.

*Walter D. Corrigan, Sr.* of Milwaukee, for the respondents.

The following opinion was filed November 5, 1929:

FOWLER, J. The defendant assigns two errors: denial of his motion for a directed verdict, and denial of his motion to change the answers of the jury to the questions respecting negligence in operating and controlling the elevator. Thus the sole question for determination is whether the evidence sustains the verdict.

The findings of no failure of duty respecting inspection and keeping in repair are well supported by the evidence. The case is one in which the doctrine of *res ipsa loquitur* applies. The proof that Mrs. Dehmel was injured by the unusual descent of the elevator "raised a presumption of negligence on the part of the defendant, and cast upon it (him) the burden of showing that it (he) took all the precautions to safeguard those whom it (he) carried which the law required it (him) to take." The elevator is a common carrier of passengers, and the degree of care and skill required for the safety of its passengers in its operation and maintenance was the highest "reasonably to be expected

.from human vigilance and foresight in view of the character of the conveyance and consistent with the practical operation of the business." *Dibbert v. Metropolitan Inv. Co.* 158 Wis. 69, 147 N. W. 3. Under these rules the defendant had the burden of proving performance of its duty respecting inspection and repairs, which it successfully bore, and of proving either that the operator of the elevator used due care and skill,—that is, that he did not do anything that caused or fail to do anything that would have prevented the drop,—or that the dropping was beyond the power of the operator to prevent by the exercise of due care and skill.

If not able to show what the operator did, the defendant might have met the situation by showing that no matter what he did he could not have caused or prevented the unusual action of the elevator. There was no testimony that the operator by suddenly applying or increasing power could not have caused the car to so suddenly increase its speed as to cause it to appear to drop or fall, or by suddenly shutting off the power could not have caused it to jerk.

The only testimony to this point is by Kieckhefer that he did not think the operator could very well cause the unusual movement of the car, but this is far short of saying that he could not cause it. Miller testified that if operated properly the elevator worked perfectly, and that the proper operation was not necessarily important, from which it might be inferred that it is important under some circumstances. It is a fair inference that it was the duty of the operator to control the speed of the car and to shut off the power to stop the elevator when ten or twelve feet from the first floor, and that he should not rely on the automatic device for the shutting off of power to stop it. There was testimony that to come from full speed to a complete stop in three feet of descent would not cause a jerk, but this seems hardly credible. There is evidence that the unusual action may have been caused by slush on the brakes prevent-

ing them from acting as efficiently as they should, or by dirt getting between the electrical controls, but no slush or dirt was present on inspection immediately after the occurrence. It is as fair an inference from the whole evidence that the occurrence could not possibly happen as that it could not have been caused by the operator of the elevator, but unquestionably the car slipped eighteen inches or two feet below the floor, and under the undisputed testimony there was considerable of a drop and considerable of a jar or jerk. The jury may have reasoned as the court did in the *Cummings Case:* "The accident itself was of such a character as to raise a presumption of negligence either in the character of the machinery used or in the care with which it was handled; and as the jury have found the fault was not in the machinery, it follows that it must have been in the handling; otherwise there is no rational cause shown for its happening." *Cummings v. National F. Co.* 60 Wis. 603, 611, 612, 18 N. W. 742, 20 N. W. 665.

It is not intended by the above to question the rule that the burden of proof is upon the plaintiff in cases where the *res ipsa loquitur* doctrine applies. *Maryland Cas. Co. v. Thomas F. Co.* 185 Wis. 98, 201 N. W. 263; *Delap v. Liebenson,* 190 Wis. 73, 208 N. W. 937; *Rost v. Roberts,* 180 Wis. 207, 192 N. W. 38. In such cases, however, when the plaintiff proves facts that make the doctrine applicable, it devolves on the defendant to produce evidence to overcome the presumption of negligence. If he does so, the plaintiff must then produce evidence in refutation. But if he fails to do so, the plaintiff with aid of the presumption has lifted his burden. If the defendant's evidence is not sufficient to overcome the presumption, the plaintiff need not offer evidence in refutation. Whether it is sufficient to do so may be for the court to determine or it may be for the jury. If the testimony of defendant's experts here had been precisely and unequivocally to the point that the operator of

the elevator could not have done anything to cause or prevent the elevator's unusual action, it would have devolved on the plaintiff to refute it. But his evidence was insufficient in the opinion of the jury to exclude the inference that the operator must have done something to cause the accident. We consider that their such inference was warranted.

*By the Court.*—The judgment is affirmed.

ESCHWEILER, J. (*dissenting*). At the close of the testimony there was no evidence which would support a jury finding that there was any particular act done by the operator or any particular thing which he failed to do causing the elevator to fall, and nothing of the kind is pointed out by the majority opinion. When the defendant's testimony was closed it showed that just such an event as did happen could happen by slush covering the brake or slush in the switch, or something getting in there. No other possible means for the happening of such an incident than that just above mentioned is found in the record.

The verdict found that there was no actionable negligence by defendant in inspecting or keeping the elevator in a proper state of repair, under one of which manifestly the above suggested possible cause for the accident could have been placed. The plaintiff offered no testimony to contradict, impeach, or modify defendant's evidence and therefore elected to stand, at the close of the case, upon the testimony then in the record as to the cause for the elevator's drop. The finding, therefore, by the jury that negligence by the operator was the proximate cause is pure speculation and guess and contrary to the doctrine so clearly laid down in the case of *Rost v. Roberts,* 180 Wis. 207, 212, 192 N. W. 38, with a long line of cases (p. 213), and its approval of the prior rulings and approving what is quoted, that where "the result complained of is as reasonably attributable under the evidence to a cause or condition independent of

the defendant's acts as to negligence on his part, the proof does not establish negligence."

The clear exposition of the rule in the *Rost Case, supra,* which I think applies in full force here, is followed in *Maryland Cas. Co. v. Thomas F. Co.* 185 Wis. 98, 201 N. W. 263; *Delap v. Liebenson,* 190 Wis. 73, 80, 208 N. W. 937, and many other cases that might be cited.

I think the plaintiff has failed to meet the burden of proof required of him under any application of the *res ipsa loquitur* doctrine and that the judgment should be reversed.

I am authorized to state that Mr. Chief Justice ROSENBERRY and Mr. Justice FRITZ join in this dissent.

A motion for a rehearing was denied, with $25 costs in one case only, on January 7, 1930.