After decree pro confesso and reference to a master, and before the master's report was filed, the defendant, Compson, filed an informal petition for a stay of execution and sale of the mortgaged premises on the ground that under present economic conditions an advantageous sale of the mortgaged premises could not be had and that such sale would inevitably deprive him of a substantial equity therein and thus work an injustice. The petition was in the form of a letter addressed to the chancellor, who referred the matter to me. I thereupon directed that no execution issue in this cause except upon express order to that end after decree and upon five days' notice to all parties in interest. Subsequently the master *Page 153 
filed his report indicating that there was due the complainant the sum of $17,578 for principal and interest on its mortgage, and that there were subsequent encumbrances and delinquent taxes which were a lien against the property amounting to approximately $25,000, and a final decree was entered in accordance with the master's report. The amount due on this decree, computing interest to June 1st, 1933, is $43,130.23.
The matter now comes before me on the petition, notice to dismiss and motion for fieri facias. The proofs on this application have all been taken informally. They indicate that the mortgaged premises were purchased by the defendant in 1922 for $32,000. There is no present market for real estate. It is impossible to refinance mortgages because of economic conditions and ordinarily there is no competitive bidding at sheriff's sales. Judicial sales in foreclosure cases are a mere formality, resulting almost invariably in the mortgaged premises being purchased by the complainant mortgagee for a nominal sum, leaving the defendant mortgagor liable to a deficiency judgment in an amount approximately equal to the original debt. The result of such sales is that the mortgagee usually obtains both the mortgaged premises and a deficiency judgment, collectible out of other assets of the defendant mortgagor. The petitioning defendant is unable to protect himself at the impending foreclosure sale and asks that the sale be delayed for at least one year pending economic rehabilitation and recovery.
My attention has not been called to any reported decision of the courts of this state as authority for the present petition, but there are decisions in other states in which such relief has been granted. Bank of Manhattan Trust Co. v. Ellda Corp.
(N.Y. Sup. Ct. — Part 6), reported in New York Law Journal
for April 6th, 1933 (at p. 2043); First Union Trust andSavings Bank v. Division State Bank, Circuit Court of CookCounty, Illinois, General Number B 262438, April 1st, 1933;Sinclair Refining Co. v. Midland Oil Co., 55 Fed. Rep. 2d42 (C.C.A. 4th, 1932). There are also decisions to the contrary. Bolich v. Prudential Insurance Co., 202 N.C. 789;164 S.E. Rep. 335; 82 A.L.R. *Page 154 975, and see note to 82 A.L.R. where the cases are collected. Our courts have uniformly frowned upon any interference with orderly procedure in foreclosure suits, and have held that the defendant therein has no right to obstruct the process of law invoked by the mortgagee for the collection of its debt. Davis
v. Flagg, 35 N.J. Eq. 491; W.D. Cashin Co. v. Alamac HotelCo., Inc., 98 N.J. Eq. 432; Security Building and LoanAssociation v. Grande, 102 N.J. Eq. 320. Those decisions undoubtedly indicate the general rule heretofore in force in this state; but notwithstanding these decisions, I entertain no doubt but that this court may control its own judicial proceedings and processes in such manner as to prevent an injustice under circumstances demanding the exercise of its inherent power. The present financial emergency, world-wide in its scope and affecting all nations and peoples, cannot be viewed as anything less than catastrophic. This may necessitate new applications of legal and equitable rules and concepts requiring the courts to render "their judgments with more fidelity to economic facts, with more general utility" and in partial or complete disregard of rules "conceived in the past, upon the basis of totally different postulates and world conditions." Sperl, Case Law andthe European Codified Law, 19 Ill. L. Rev. 505 (at p. 517). "Let the hardship be strong enough and equity will find a way, though many a formula of inaction may seem to bar the path." Judge Cardozo, in Graf v. Hope Building Corp., 254 N.Y. 1, 8;171 N.E. Rep. 884, 888. But this is a power which should be sparingly used, and certainly not in the instant case at this time and in the manner requested. It is obvious from the amount of the decree that the petitioning defendant's equity in the premises is negligible. He paid $32,000 for the property eleven years ago and the encumbrances against it now amount to $11,000 in excess of the purchase price. Obviously no benefit can accrue to him from a delay of the sale at this time, as even should there be a substantial business recovery within the next year it is hardly possible that the market value of the property would increase sufficiently to pay the encumbrances against it; and the court should not *Page 155 
become an instrument of speculation on future property values.Lipscomb v. New York Life Insurance Co., 138 Mo. 17;39 S.W. Rep. 465.
The mortgaged property is located near the seashore in Monmouth county and in the ordinary course of events a sale under an execution out of this court could be had at what might be considered the most propitious time of the year for such sales. If upon such sale the property does not bring a satisfactory price, objections to the confirmation of the sale may be interposed by any party in interest; but a sale at an unconscionable price ought not to be anticipated. The expenses of such sale may be better controlled by the court if the fierifacias is directed to a master of this court instead of to a sheriff. I will advise an order denying the prayer of the petition and directing the issuance of a fieri facias
accordingly, reserving to the defendants the right to object to the confirmation of any sale had pursuant thereto should they feel aggrieved thereby.