The petition is by the executrix of one Muehlfelder, who executed the bond secured by the mortgage the subject of this foreclosure suit, and prays that the court "by its order, fix a reserved or upset price below which the mortgaged premises * * * may not be sold" by the sheriff. The facts, as stipulated by counsel, are that the final decree entered herein fixes the amount due on the mortgage at $16,632, plus interest and costs; pursuant to fieri facias directed to the sheriff of Essex county the mortgaged property has been advertised for sale; the premises are assessed at $12,500; expert appraisals of the premises range from $10,500 to $16,200.
Petitioner contends that because of economic conditions under which mortgage-money is not available, she will be unable to protect herself at the sheriff's sale and that in all *Page 245 
probability there will be no competitive bidding and such sale will result in the purchase of the premises by the complainant at a nominal bid and consequent liability of her decedent's estate for a substantial deficiency on the mortgage debt.
The action here suggested of fixing an upset price in advance of the judicial sale has been taken on foreclosures of corporate property of a size and character "to preclude the establishment of a fair price by competitive or cash bidding" (NorthernPacific Railway Co. v. Boyd, 228 U.S. 482); and on foreclosure of a farm mortgage because "economic conditions are such as to preclude competitive bidding." Suring State Bank v. Giese
(Wis. — 1933), 246 N.W. Rep. 556. But while not doubting the power of this court to grant relief (Federal Title and MortgageGuaranty Co. v. Lowenstein, 113 N.J. Eq. 200), that power should be sparingly exercised (The Fifth Avenue Bank v.Compson, 113 N.J. Eq. 152) and a sale at an unconscionable price ought not to be anticipated unless the reasons advanced are cogent. The fixing of an upset price must inevitably discourage possible competitive bidding at judicial sales and thus defeat their very purpose. Morrisse v. Inglis, 46 N.J. Eq. 306; Ryan
v. Wilson, 64 N.J. Eq. 797. The rights of a mortgagee demand the protection of this court no less than those of the mortgagor; and it is of the highest interest to the public welfare that no judicial action be taken which would render real estate mortgages less desirable as an investment, a result which quite possibly might follow from indiscriminate restraints in proceedings of this kind; and no impediment should be interposed by this court to the orderly pursuit by the holder of a mortgage of his lawful remedy for the collection of the debt thereby secured, except where necessary for the protection of a countervailing equity.Davis v. Flagg, 35 N.J. Eq. 491; W.D. Cashin Co. v. AlamacHotel Co., 98 N.J. Eq. 432. Under the facts of this case the court ought not to assume that a deficiency will result from the sale, or that, if it does, a deficiency judgment will be sought. The unusual relief here sought is deemed unnecessary in view of the court's inherent power to approve or disapprove of a sale when made. *Page 246 Federal Title and Mortgage Guaranty Co. v. Lowenstein, supra.
The petition will be dismissed, reserving to the petitioner the right to object to confirmation of the sale on legal or equitable grounds.