The bill is brought by complainant to foreclose two mortgages aggregating $58,000. Upon petition for that purpose a rent receiver was appointed who is now collecting the income from the property. The matter now before me for decision arises upon a motion by complainant to strike the answer filed by the defendants M. W. Holding Company, Selick J. Mindes and Morris Weinstein. The answer alleges generally that because of the world-wide financial emergency defendants are unable to presently redeem the mortgaged premises because of their inability to secure a mortgage loan or to make sale of the premises; that the relief granted by this court and presently enjoyed by the complainant by which, through the receiver, the income from the premises is collected, is as complete and adequate as the circumstances in view of the present emergency will permit; and that complainant is not equitably entitled to any other or further relief at this time.
What the defendants by their answer seek is the intervention of the court to stay what is otherwise an orderly foreclosure suit until we shall emerge from the present economic depression and return again to a period of prosperity, at which time the hope is expressed that the value of the mortgaged premises will have increased to such an extent that defendants may sell at a price or obtain a mortgage sufficient to pay and discharge complainant's mortgage.
Our courts have uniformly declined to interfere with the orderly procedure in foreclosure suits, holding that the defendant therein has no right to obstruct the process of law invoked by the mortgagee for the collection of its debts. Davis
v. Flagg, 35 N.J. Eq. 491; W.D. Cashin Co., v. Alamac HotelCo., Inc., 98 N.J. Eq. 432; Security Building *Page 54 and Loan Association v. Grande, 102 N.J. Eq. 320. In FifthAvenue Bank of New York v. Compson, 113 N.J. Eq. 152, we said that notwithstanding these decisions, we may control our judicial proceedings and processes in such manner as to prevent an injustice under circumstances demanding the exercise of the inherent power of this court. We recognized then as now the present financial emergency and said that this may "necessitate new applications of legal and equitable rules and concepts requiring the courts to render `their judgments with more fidelity to economic facts, with more general utility' and in partial or complete disregard of rules `conceived in the past, upon the basis of totally different postulates and world conditions.'" The relief prayed in that case was denied because we said "the court should not become an instrument of speculation on future property values." The inherent power of the court to arrest a proceeding of this nature in the interest of justice and equity, however, should be sparingly used and only where the equities are compelling.
Public welfare demands that no judicial action be taken which would render real estate mortgages less desirable as an investment, a result which might follow from indiscriminate restraints in proceedings of this kind, or by entertaining answers of the sort here interposed. The rights of a mortgagee demand the protection of this court no less than those of the mortgagor. United Building and Loan Association v. Neuman,113 N.J. Eq. 244.
The mortgage in the instant case was placed in 1929 and with interest in arrears now totals approximately $59,911, to which must be added tax arrearages approximating $4,134.61, plus interest thereon, so that the approximate total of encumbrance at this time is $64,045.61. The figures set forth are taken from the brief and argument of complainant undenied in the brief and argument of the defendants and are assumed, therefore, to be correct.
The verified proof accompanying the petition for the appointment of a receiver on the part of complainant as of July, 1933, fixes the value of the premises at $45,000. The order appointing the receiver was consented to by the solicitor for *Page 55 
the defendants. No answering affidavits were filed by the defendants as to the value of the premises.
The reasonable probability of the defendants realizing their hopes within a reasonably short time in the future of an increase in the present value of the premises to the extent of approximately $20,000 is indeed remote, and, therefore, highly speculative, in which speculation this court may not indulge. Aside from this, the answer under consideration presents no defense.
The motion to strike will be granted.