MICHIGAN TRUST CO. *v.* DUTMERS.

1. VENDOR AND PURCHASER—FORECLOSURE SALE—UPSET BID—STAT-
UTES.

Statute, authorizing circuit judge to prescribe upset bid upon
foreclosure sale under land contract, does not permit arbi-
trary elevation of value of property beyond fair value but
requires exercise of reasonable judgment of court (Act No.
229, Pub. Acts 1933, amending 3 Comp. Laws 1929, § 14366).

2. SAME—FORECLOSURE—INEQUITABLE UPSET BID.

Fixing of upset bid at $45,516, balance of amount due on land
contract, *held,* arbitrary and inequitable, where undisputed
evidence shows property worth but $30,000.

Per POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ.

3. SAME—FORECLOSURE SALE—UPSET BID—EVIDENCE—OUTSTANDING
TAX LIENS.

Trial judge, in fixing upset bid for land contract foreclosure
sale, must base it upon proper testimony taken for that pur-
pose and consider amount of outstanding unpaid tax liens.

Per POTTER, NORTH, FEAD, and BUTZEL, JJ.

SHARPE, J., dissenting.

Appeal from Kent; Perkins (Willis B.), J. Sub-
mitted October 19, 1933. (Docket No. 112, Calendar
No. 37,346.) Decided January 30, 1934.

Bill by Michigan Trust Company, as trustee, and
another against Cornelius J. Dutmers, individually
and as co-administrator of the estate of John C.
Dutmers, deceased, and others to foreclose a land
contract and for a deficiency. From decree fixing
upset bid at balance due on contract, plaintiffs ap-
peal. Modified and remanded.

*Travis, Merrick, Johnson & McCobb,* for plain-
tiffs.

*Annis & Heaney,* for defendants.

Sharpe, J. (*dissenting*). On this foreclosure in chancery of a land contract, in which the plaintiffs sought a decree for any deficiency arising on the sale, the court found the amount due thereon to be the sum of $45,516.60, and ordered a sale thereof by the circuit court commissioner of the county. Inserted in the decree was the following provision:

"Said commissioner shall accept no bid for said premises which shall be less than $45,516.60 and interest."

From this provision the plaintiffs have taken this appeal. They submitted evidence, that is not disputed, that the "actual present day value of the property" is not to exceed $30,000.

This provision was inserted in the decree pursuant to the power conferred upon the trial court by Act No. 229, Pub. Acts 1933, amending 3 Comp. Laws 1929, § 14366, by adding thereto the following:

"In any forfeiture, foreclosure or specific performance case in chancery based upon a mortgage or land contract the court may fix and determine the minimum price at which the real property covered by such mortgage or land contract may be sold at the sale under such forfeiture, foreclosure or specific performance proceedings."

Plaintiffs' counsel in their brief say that they "do not question the power of the court to establish an upset price in the decree." They claim that it should have been fixed "at the actual fair value of the property, rather than arbitrarily fixing it at the amount due and unpaid at the time of the sale," and insist that it should be so modified by this court.

The statute does not command the court to fix the price; it merely permits him to do so. The decree does not compel the plaintiffs to bid the amount so

fixed at the sale. When the sale is had, and any less sum bid, it will be the duty of the commissioner to so report to the court and, on petition therefor, the decree may in this respect be amended or changed if, in his opinion, it is just and equitable to do so. The statute provides no basis for fixing the minimum prices. The trial court stated that the amount so fixed by him was $11,000 less than the contract price; that "there is no sale for this property at the present time," and that "justice will be done in this case to all the parties if the upset price was fixed at the amount due, $45,000."

In view of the discretion which may be exercised by the trial court under the statute, we are unwilling to review it upon the record before us.

The appeal should be dismissed, with costs to appellees.

WIEST, J. Act No. 229, Pub. Acts 1933 (amending 3 Comp. Laws 1929, § 14366), does not justify the minimum bid fixed by the circuit judge. That act contemplates exercise of reasonable judgment; not arbitrary action. The act gave the court of equity no new power. The court of equity has inherent power to control its process and has ever exercised such power in foreclosure upon reports of judicial sales. Bids upon foreclosure sales have been rejected as inadequate and resales ordered. True the power has been sparingly exercised preceding sales. The statute does not call for freehand exercise, nor does it permit elevating the value of the subject of sale beyond its fair value. Having adjudged the sum due on foreclosure that subject was closed and could not be considered in fixing the upset bid for the security. The upset bid for the security must bear a reasonable relation to the value

of the security at the time of sale. In the case at bar the court fixed the upset bid at the sum decreed due on the contract and $15,516 above the unquestioned fair value of the security. Such action was arbitrary and not in accord with principles of equity and cannot be permitted to stand and work the delay incident to its fruitless endeavor and consequent wrong to plaintiffs. Plaintiffs ought not to be required to await demonstration of a futility.

It was well said by the Chancellor in *United Building & Loan Ass'n of City of Newark* v. *Neuman,* 113 N. J. Eq. 244 (166 Atl. 537):

"The fixing of an upset price must inevitably discourage possible competitive bidding at judicial sales and thus defeat their very purpose. *Morrisse* v. *Inglis,* 46 N. J. Eq. 306 (19 Atl. 16); *Ryan* v. *Wilson,* 64 N. J. Eq. 797 (52 Atl. 993, 53 Atl. 1039). The rights of a mortgagee demand the protection of this court no less than those of the mortgagor; and it is of the highest interest to the public welfare that no judicial action be taken which would render real estate mortgages less desirable as an investment, a result which quite possibly might follow from indiscriminate restraints in proceedings of this kind; and no impediment should be interposed by this court to the orderly pursuit by the holder of a mortgage of his lawful remedy for the collection of the debt thereby secured, except where necessary for the protection of a countervailing equity."

The court in that case recognized the power to grant relief but stated it should be sparingly exercised.

The case is remanded to the circuit court with direction to fix the minimum bid at a sum no higher than the fair market value of the security.

Plaintiffs will recover costs.

POTTER, NORTH, and FEAD, JJ., concurred with WIEST, J.

BUTZEL, J. (*concurring*). I concur in the opinion of Mr. Justice WIEST. The trial judge may not fix an upset or minimum price unless it is based upon proper testimony taken for that purpose. He must also consider the amount of unpaid tax liens that are outstanding against the property.

The testimony in the present case shows that the upset price fixed by the judge was fixed at the balance due on the contract, an amount far in excess of the value of the property, as appraised by witnesses both for plaintiffs and defendants. Plaintiffs further show that the vendor gave the vendee every consideration in granting extensions and forbearance. It also appears that taxes aggregating about $9,000 are a prior lien against the property and should have been paid by the vendee. It also appears, after deducting the aggregate amount of these unpaid taxes against the property from the total amount of payments, the balance if apportioned over the term of 11 years the contract has been in existence, will net the vendor but a small return on the entire purchase price. During all this time, the vendee was entitled to any possible increase in the value of the property, as well as the rent from the two stores, the residence above the stores, and the two houses on the property. The trial judge, however, decreed that the vendor must assume the major portion of the loss occasioned by the deflation of values accompanying the depression.

In discussing Act No. 229, Pub. Acts 1933 (amending 3 Comp. Laws 1929, § 14366), we consider both the obligations of mortgagors and those of vendees in executory land contracts. Equitable considerations are not as impelling in the case of such vendees as they may be in the case of mortgagors. The former, even though purchasing for investment, are entitled to all the profits resulting from enhance-

ment in value. Is there any equitable reason why they should not pay the loss, should there be one? Neither should the burden of the loss owing to depreciation of real estate values be borne by the mortgagee. *Michigan Trust Co.* v. *Cody,* 264 Mich. 258. Mortgages are one form of investment heretofore approved of for estates. There are hundreds of thousands of bank depositors in this State most seriously affected through the inability to collect on mortgages. They are entitled to protection. A large part of the present financial distress is due to the loss in values that has followed, what may be termed, a wild speculation in real estate. Subdivisions of farm lands have been laid out so as to take care of a city population far in excess of present needs. Possibly in the course of years such property may be utilized. In its present condition, particularly where a farm has been broken up through the sale of lots, or where the property has been "improved" by sidewalks or street pavements, it no longer is suitable for farm purposes, nor has it much value for home purposes on account of its location, lack of improvements, etc. Much of the present tax delinquency is due to the fact that taxes exceed or absorb the larger part of the rental value of the property. The query arises then: What is the value of such property? May a judge arbitrarily say that it is the balance still due on the contract or mortgage and thus fix the minimum price at which it may be sold? Is this not a distinct impairment of the obligation of a contract? The moral and financial responsibility of the borrower is of prime importance in the making of a loan. Is he to be discharged from this liability? Is it fair and equitable to direct the holder of the obligation to make a useless attempt to sell at a price out of

reason, and be put to the expense and delay of advertising for six successive weeks, etc., in order to prove that the judge is mistaken? If mortgagors or vendees desire additional time and are willing to do equity, they can be fully protected under the moratorium act, Act No. 98, Pub. Acts 1933.

The order of the circuit judge is set aside, and the case remanded with instructions to take further action in accordance with this opinion.

POTTER, NORTH, and FEAD, JJ., concurred with BUTZEL, J.  McDONALD, C. J., and WEADOCK, J., took no part in this decision.