FUOSS v. SOELLNER.

1. VENDOR AND PURCHASER—FORECLOSURE SALE—MINIMUM BID—FAIR MARKET VALUE.

Decree of foreclosure prescribing minimum bid at amount of balance due on land contract is set aside and cause remanded for proof of fair market value and entry of decree conformable to *Michigan Trust Co.* v. *Dutmers*, 265 Mich. 651 (Act No. 229, Pub. Acts 1933, amending 3 Comp. Laws 1929, § 14366).

2. SAME—FAIR MARKET VALUE—ASSUMPTIONS.

In the absence of proof of fair market value of land upon fore-
closure the court can but assume it will sell for at least the
amount due.

3. APPEAL AND ERROR—CROSS-APPEAL—FRAUD.

Cross-appeal of land contract vendee is dismissed upon deter-
mination that proper disposition by trial court was made of
her claim of fraud.

Appeal from Livingston; Collins (Joseph H.), J.
Submitted April 13, 1934. (Docket No. 102, Cal-
endar No. 37,657.) Decided June 4, 1934.

Bills by Martin Fuoss and wife against Babette
Soellner to foreclose two land contracts and for
deficiency decrees. Cross-bills by defendant against
plaintiffs for cancellation of contracts. Cases con-
solidated for trial. Decrees for plaintiffs for fore-
closure without deficiency. Both parties appeal.
Reversed and remanded. Defendant's cross-appeal
dismissed.

*Burke & Burke,* for plaintiffs.

*William R. Bolio,* for defendant.

NELSON SHARPE, C. J. Plaintiffs filed separate
bills of complaint to foreclose two land contracts.
They were submitted at the same hearing. Plain-
tiffs insisted upon their right to decrees for any
deficiencies arising upon the sales of the properties.
No proofs were submitted as to the fair market
value of the properties at that time. The trial court
was of the opinion that the lots in question should
not be sold for less than the amounts found to be
due on the contracts, and so decreed. Plaintiffs have
appealed.

Act No. 229, Pub. Acts 1933 (amending 3 Comp.
Laws 1929, § 14366), had been passed by the legis-

lature and approved by the governor at the time the decrees were entered. It provides, in part:

"In any forfeiture, foreclosure or specific performance case in chancery based upon a mortgage or land contract the court may fix and determine the minimum price at which the real property covered by such mortgage or land contract may be sold at the sale under such forfeiture, foreclosure or specific performance proceedings."

In *Michigan Trust Co.* v. *Dutmers,* 265 Mich. 651, this court held that this statute did not justify the fixing of the amount due as the minimum bid; that it should be fixed "at a sum no higher than the fair market value of the security." This case was decided after these decrees were entered. In the absence of proof of "fair market value," the court can but assume that the properties will sell for at least the amount due and, if they do not, the plaintiffs are entitled to decrees for deficiencies.

Under the circumstances, it seems that the equitable thing to do is to set aside the decrees and remand the causes to the circuit court, with directions to entertain such proofs of fair market value as the parties may desire to submit and then enter decrees conformable to the holding in *Michigan Trust Co.* v. *Dutmers, supra.*

Decrees will be here entered so providing.

We think the court properly disposed of defendant's claim of fraud and misrepresentation as set up in her cross-bill, and her cross-appeal is dismissed.

No costs will be allowed.

POTTER, NORTH, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.