JAMES S. HOLDEN CO. *v.* APPLEBAUM.

1. Vendor and Purchaser—Foreclosure—Upset Price.

  Court of equity has power to establish an upset price in decree of foreclosure of a land contract but such price must bear a reasonable relation to the value of the security at the time of sale.

2. Same—Resale—Discretion of Court.

  Discretion of court was properly exercised in denying motion to order a resale under decree of foreclosure of land contract where defendant refused to increase the bid.

3. Same—Cash Value—Reproduction Cost—Surplus of Like Property.

  Cost of reproduction of a one-story store building is not the sole guide to its actual present value at time of foreclosure sale as surplus of like buildings may materially decrease cash value.

Appeal from Wayne; Webster (Arthur), J. Submitted April 20, 1934. (Docket Nos. 108, 109, Calendar Nos. 37,712, 37,761.) Decided June 4, 1934. Rehearing denied September 18, 1934.

Bill by James S. Holden Company, a Michigan corporation, against Harry R. Applebaum, executor under last will and testament of Isaac Applebaum, deceased, and others to foreclose a land contract. From denial of motions to refuse confirmation of sale and for rehearing of order confirming sale, defendant executor appeals. Appeals consolidated. Affirmed.

*Wurzer & Higgins (John T. Higgins,* of counsel), for plaintiff.

*Sempliner, Dewey, Stanton & Honigman (Jason L. Honigman,* of counsel), for defendant executor.

Edward M. Sharpe, J. On May 1, 1925, by land contract, Maurice Dreifuss sold real estate herein involved to Louis T. Applebaum, who in turn assigned his interest to Isaac Applebaum, who assumed the payments on the contract. About this time Dreifuss assigned his interest to plaintiff. The property originally sold for $15,000, and upon the death of Isaac Applebaum in May, 1928, there was a balance due of about $8,700. The property consists of a one-story store building in Highland Park near the Ford Motor plant.

Upon the failure of the defendant estate to make payments of principal, interest and taxes, the plaintiff started foreclosure proceedings, and on July 8, 1932, a decree was entered in which there was found due the sum of $11,049.67 and ordering that in default of payment thereof within five days the property be sold and plaintiff have judgment for the deficiency. An appeal from this decree was taken to this court and the decree was affirmed in June, 1933, the opinion being reported in 263 Mich. 507.

During the pendency of this appeal, plaintiff proceeded to sell the property at foreclosure sale held September 7, 1932. At this sale plaintiff bid in the property for $1,000. This sale was confirmed by the court by decree *nisi* and defendant then filed a motion to deny confirmation of the sale on the ground of great inadequacy of the price bid at the sale. January 4, 1933, the lower court denied defendant's motion to refuse confirmation of sale. Defendant thereupon appealed to the Supreme Court.

On November 18, 1933, pending this appeal, defendant filed a petition for a rehearing of the order of January 4, 1933, confirming sale. The trial court ordered testimony taken, and defendant produced testimony to show that the value of the property was approximately $7,000, while the plaintiff was able to show that owing to the surplus of rentable buildings in that section of the city and the removal of the Ford Motor Company the value of the building was not more than $1,500. The record discloses that the testimony produced by the defendant was largely based upon the cost of replacing the building, while the plaintiff's testimony was as to the actual cash market value at the time of the hearing. It was also shown that after plaintiff purchased the property, it expended $500 on repairs and taxes and was renting the property for $25 per month.

On the motion for rehearing, plaintiff objected to a resale, largely because the defendant refused to increase the bid on a resale and also refused plaintiff's offer of a six-months' option to purchase the property at the amount of the sale bid, or to take a deed of the property conditioned upon making payment of the unpaid balance.

Although testimony was taken on the merits, the trial court dismissed the motion for rehearing on

the ground that it was without jurisdiction by reason of lapse of time in excess of the period allowed for such motions. Defendant thereupon appealed. The appeals from the confirmation of sale and from the order denying rehearing of the confirmation have been consolidated in this court.

The defendant contends that the trial court should reject the confirmation of the foreclosure sale because the price bid is grossly inadequate, and cites *Michigan Trust Co.* v. *Dutmers,* 265 Mich. 651, wherein Mr. Justice WIEST, speaking for the court, said in construing Act No. 229, Pub. Acts 1933, permitting the court to fix an upset price at foreclosure sales:

"That act contemplates exercise of reasonable judgment; not arbitrary action. The act gave the court of equity no new power. The court of equity has inherent power to control its process and has ever exercised such power in foreclosure upon reports of judicial sales. Bids upon foreclosure sales have been rejected as inadequate and resales ordered."

Plaintiff, on the other hand, contends that the case of *Hoock* v. *Sloman,* 155 Mich. 1, controls. The syllabus of that case reads:

"Objections to the confirmation of a foreclosure sale on the ground of inadequacy of price are not sustained where defendant makes no offer to increase the bid if a resale is ordered, and complainant offers to accept the amount due with interest and costs."

While the court has the power to establish an upset price in the decree, it should be fixed at the fair value of the property. "The upset bid for the security must bear a reasonable relation to the value of the security at the time of sale." *Michigan Trust*

*Co.* v. *Dutmers, supra.* It was further said by Mr. Justice BUTZEL in that case:

"Equitable considerations are not as impelling in the case of such vendees (in land contracts) as they may be in the case of mortgagors. The former, even though purchasing for investment, are entitled to all the profits resulting from enhancement in value. Is there any equitable reason why they should not pay the loss, should there be one?"

We think the court exercised proper discretion in refusing to order a resale of the premises, especially in view of the fact that defendant refused to increase the bid in case such a resale was ordered.

From an examination of the record, we are satisfied that the price bid at the foreclosure sale was not so grossly inadequate as to justify a resale. The cost of reproducing a like building is not the sole guide to its actual present value. There may be circumstances, such as a surplus of like buildings, that may materially decrease the cash value of the property. We think the case at bar is such a case.

In view of this disposition on the merits, it will be unnecessary to discuss the jurisdictional question raised in the second appeal.

Order affirmed. Costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred. BUSHNELL, J., did not sit.