DETROIT TRUST CO. *v.* HART.

1. MORTGAGES—CONFIRMATION OF SALE—DISCRETION OF COURT—IN-
ADEQUATE PRICE.

Equity court, in exercise of fair discretion upon proper showing
being made, may decline confirmation of mortgage sale in
equitable foreclosure proceedings if amount bid is so in-
adequate as to shock conscience of court.

2. SAME—MULTIPLE APARTMENT HOUSE—INADEQUATE PRICE.

Trial court *held,* not to have abused its discretion in refusing to
confirm sale of 32-family apartment house for $25,000 sub-
ject to $16,000 in taxes, where it was located in excellent
neighborhood and well rented and fair valuation was be-
tween $2,000 and $3,000 an apartment.

3. EVIDENCE—JUDICIAL NOTICE—VALUE OF REALTY IN DETROIT.

Supreme Court takes judicial notice of fact that because of
economic conditions existing in Detroit in May, 1935, the
amount bid for property is not conclusive of its value and
that upon resale amount of bid may be higher.

Appeal from Wayne; Brennan (Vincent M.), J.
Submitted October 22, 1935. (Docket No. 50, Cal-
endar No. 38,581.) Decided January 6, 1936.

Bill by Detroit Trust Company, a Michigan cor-
poration, as successor trustee, against Abraham J.
Hart and others to foreclose a trust mortgage and
for a deficiency. George Applebaum, bondholder,
intervened. From order denying confirmation of
sale on foreclosure, plaintiff and A. H. Moorman,
purchaser, appeal. Affirmed.

*Prewitt Semmes,* for plaintiff.

*Milburn & Semmes,* for appellant Moorman.

*Joseph N. Davies,* for defendant Berman.

*Louis Smilansky* (*David Goldman,* of counsel), for defendants Applebaum Realty Company, Harry R. Applebaum, executor of the will of Isaac Applebaum, deceased, and intervener.

EDWARD M. SHARPE, J.   In 1923, Abraham J. Hart and wife, the then owners of certain real estate in the city of Detroit, executed a mortgage in the sum of $100,000 to the Federal Bond & Mortgage Company, Incorporated, as trustee. In November, 1930, this mortgage had been reduced to about $64,000. During the early part of the year 1931, a committee for the protection of the holders of bonds sold by the Federal Bond & Mortgage Company was formed and in December of the same year the Detroit Trust Company, plaintiff and appellant herein, was appointed its successor trustee. In April, 1932, a bill of complaint was filed for the purpose of foreclosing the trust mortgage and on February 8, 1934, the decree of foreclosure was entered. On February 13, 1935, the sale pursuant to the decree was advertised by a circuit court commissioner for Wayne county to be held April 2, 1935, but was adjourned to April 30, 1935. On March 29, 1935, defendant Harry R. Applebaum, executor and sole owner of the mortgaged property, filed a petition for relief under the mortgage moratorium statutes and on the same day the court entered an order restraining the foreclosure sale. On May 3, 1935, the restraining order was vacated and the property sold to A. H. Moorman for $25,000 subject to $16,000 in taxes. The report of sale certified a deficiency of $60,348.65 against Abraham J. Hart, William Berman, Dunitz Bros., Inc., and Applebaum Realty Company. On June 5th objections to the confirmation of the sale were filed by Applebaum Realty Company, Berman, and Harry R. Applebaum, in

which they alleged that the requirements of the decree were not complied with in that proper notice of the sale was not given and challenged the validity of the sale upon the ground that the sale price was so grossly inadequate as to create a large deficiency against defendants.

Upon the hearing of the objections, the court declined to confirm the sale upon the ground that the price was inadequate; and from this decree appellants appeal.

We held in *Michigan Trust Co.* v. *Cody*, 264 Mich. 258, 263, that,

"The equity court in the exercise of a fair discretion upon proper showing being made may decline confirmation of a mortgage sale in an equitable foreclosure proceeding if the amount bid is inadequate to the extent that it shocks the conscience of the court."

See, also, *Michigan Trust Co.* v. *Dutmers*, 265 Mich. 651; *Virginian Joint Stock Land Bank of Charleston* v. *Hudson*, 266 Mich. 644; *Union Guardian Trust Co.* v. *Rood*, 267 Mich. 343.

In this cause, we think there was no abuse of discretion upon the part of the trial court in his refusal to confirm the sale. The court found as a fact that while the price bid at the sale was but $25,000, subject to $16,000 in taxes, yet its fair value was $89,000; that the apartment house is located in an excellent neighborhood with no difficulty in keeping the apartments rented. This conclusion of the trial court is further substantiated by the fact that the apartment house contains 32 apartments; that in buildings of this kind, the fair valuation is at the rate of two to three thousand dollars an apartment. It is also a well known fact that because of the economic conditions existing in Detroit at the time of the sale, the amount

bid for property is not conclusive of its value and that upon a re-sale the amount of the deficiency decree may be somewhat lessened.

Decree affirmed, with costs to defendant.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSH-NELL, and POTTER, JJ., concurred.