## DETROIT TRUST CO. v. HART.

1. MORTGAGES—FORECLOSURE—CONFIRMATION OF SALE—DISCRETION OF COURT.

Confirmation by the court of foreclosure sale is not a mere ministerial act but a judicial function involving consideration of the circumstances in each instance and the exercise of sound discretion.

2. SAME—FORECLOSURE—CONFIRMATION OF SECOND SALE—EQUITY—APPEAL AND ERROR.

   On appeal from order denying confirmation of second sale on foreclosure under trust mortgage because of inadequacy of bid, sale is ordered confirmed, notwithstanding value of property may exceed the bid, where there is evidence of good faith in making the bid, honest endeavors to get others to bid and effort to obtain more and refusal to confirm accords mortgagors moratorium relief without exaction of any equitable requirement.

3. APPEAL AND ERROR—MORTGAGES—CONFIRMATION OF SALE—REMAND—WAIVER OF DEFICIENCY.

   On remand of case for entry of order confirming second sale under foreclosure of trust mortgage foreclosed by holders of 81-½ per cent. of the mortgage indebtedness, such order is ordered made conditioned upon waiver of deficiency by such holders pursuant to their offer.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted June 10, 1936. (Docket No. 73, Calendar No. 39,022.) Decided November 9, 1936. Rehearing denied December 28, 1936.

Bill by Detroit Trust Company, a Michigan corporation, as successor trustee, against Abraham J. Hart and others to foreclose a mortgage and for a deficiency. George Applebaum, bondholder, intervened. From order denying confirmation of sale on foreclosure, plaintiff and A. H. Moorman, purchaser, appeal. Reversed and remanded.

*Prewitt Semmes,* for plaintiff.

*Milburn & Semmes,* for appellant Moorman.

*Joseph N. Davies,* for defendant Berman.

*Louis Smilansky (David Goldman,* of counsel), for defendants Applebaum Realty Company, Harry Applebaum, executor of the will of Isaac Applebaum, deceased, and intervener.

*Miller, Canfield, Paddock & Stone, amici curiæ.*

WIEST, J. In *Detroit Trust Co.* v. *Hart,* 274 Mich. 144, we affirmed the circuit court in refusing to confirm a sale and ordering a resale under a decree of foreclosure of a trust mortgage on a 33-apartment building in the city of Detroit.

Resale has been had with a slightly increased bid by plaintiff A. H. Moorman in behalf of the mortgage bondholders. Again the circuit court has refused confirmation and plaintiffs review by appeal.

Confirmation by the court is not a mere ministerial act but a judicial function involving consideration of the circumstances in each instance and the exercise of sound discretion. On both occasions the court found the bids inadequate. The second sale has demonstrated that no one will bid the amount the court thinks adequate. The court refused a moratorium delay in May, 1935.

Prior to the last sale, Mr. Moorman, as chairman of the committee for protection of the mortgage bonds, sent a written communication by way of letter to the members of the Detroit Real Estate Board calling attention to the time and place of sale and the intention to bid $30,000, subject to unpaid taxes amounting, approximately, to $18,000, exclusive of interest and penalties; that confirmation of a bid of $25,000, subject to taxes, made at a former sale, had been refused as inadequate, and ending—

"If you are interested in offering a bid for this property, you are invited to do so and all information available in the hands of the committee and the Detroit Trust Company, trustee under the mortgage, will be made available to you upon request.

"If you know of any one who would be interested, we shall appreciate your informing him of the time and place of the foreclosure sale."

A somewhat similar notice was published in the Detroit Free Press, but also stating:

"The committee invites any party interested in acquiring this property to offer a bid at the time and place above stated of more than $30,000, subject to taxes, and will ask the court to confirm the sale to the highest bidder."

A copy of the above mentioned letter and of the published notice was also mailed to Harry Applebaum, one of the defendants who had opposed the confirmation of the first sale, and also stating:

"The committee will welcome your securing a bidder for this property for any price in excess of $30,000 and will ask the court to confirm the sale to any such bidder. We hope you will take advantage of this opportunity to purchase the property or have some one purchase it for you at this price."

The offered bargain, if such, had no appeal to investors or to Harry R. Applebaum, executor under the last will and testament of Isaac Applebaum, deceased, who, in March, 1935, filed the petition for a moratorium claiming to be the owner of the property.

The value of the property may exceed the bid but such is not the sole test. Good faith in making the bid and honest endeavors to induce others to bid should be considered, as well as the effort to obtain more at a second sale. The refusal to confirm the second sale operates, in practical effect, to a stay of sale or, at least, to further trials and consequent loss to the mortgage bondholders without any reasonable probability of benefit to the mortgagors.

The mortgagors may be unfortunate, by reason of financial inability to meet the mortgage obligation

or to bid at the sale, but the appeal thereof served its allowable end when the second effort proved a failure.

We are loath to disturb the action of the circuit court in ordering a third sale, but consideration of the rights of all parties leads to the conclusion that further delay will but injure the holders of the mortgage bonds and accord possessors of the property all the advantages of a moratorium without exaction of any equitable requirement.

We think the disclosed circumstances command confirmation of the sale, and the case is remanded to the circuit court with direction to enter such an order, conditioned, however, upon the waiver made in the circuit court and as extended in terms in the brief filed herein as follows:

"The holders of 81-½ per cent. of the mortgage indebtedness have waived the deficiency arising from this sale. The deficiency created by this sale is $59,871. The holders of 81-½ per cent. of this deficiency waive it. This amounts approximately to $49,000, leaving a deficiency of approximately $11,000."

Costs to plaintiffs.

NORTH, C. J., and FEAD, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.