Alveda T. BROCKWAY, Plaintiff-Appellant,

v.

The TRAVELERS INSURANCE COMPANY,
a foreign insurance corporation, and
American National Red Cross, Defendants-Respondents.

Court of Appeals

*No. 81–1210. Submitted on briefs December 21, 1981.—Decided
May 18, 1982.*
(Also reported in 321 N.W.2d 332.)

For the appellant there were briefs by *Fulton, Menn & Nehs, Ltd.,* and *Joseph J. Beisenstein* of Appleton.

For the respondents there was a brief by *Everson, Whitney, Everson, Brehm & Pfankuch, S.C.,* and *George F. Savage* of Green Bay.

Before Foley, P.J., Dean and Dykman, JJ.

DEAN, J. Alveda Brockway appeals from a judgment entered upon a jury verdict denying her recovery for injuries she sustained in a fall while attempting to board an American National Red Cross Outagamie County Chapter Dial-A-Bus. Brockway contends that the trial court erred when it refused to instruct the jury that the Dial-A-Bus was held to a high degree of care. Because we conclude that the Dial-A-Bus is not a common carrier and is, therefore, not to be held to the highest degree of care, we affirm.

Dial-A-Bus gave Brockway a ride to a grocery store. When Brockway returned to the bus, she requested assistance to board. The driver did not immediately assist her. Brockway fell while attempting to board the bus without assistance.

Brockway requested that the trial court give Wis JI— Civil 1025 (1972), contending that Dial-A-Bus is a common carrier that owes her a duty of care in a high degree. Alternatively, she argues that Dial-A-Bus should owe her a high degree of care for performing a service analogous to common carrier services. The trial court instructed the jury that Dial-A-Bus owed her only a duty of reasonable care. The jury apportioned seventy-two percent of the causal negligence for the accident to Brockway and twenty-eight percent to the Red Cross.

A carrier is an enterprise in the business of publicly transporting persons or goods.[1] Two elements characterize a carrier as a common carrier: (1) The service is for hire, and (2) the carrier holds itself out to the public.[2] The definition of a common carrier is a question of law; however, whether a particular carrier is a common carrier is a question of fact.[3] The relevant facts in this case are not in dispute, and we determine whether Dial-A-Bus is a common carrier without deference to the trial court.[4]

Dial-A-Bus is a free bus service provided to the elderly and handicapped. Red Cross receives government and private financial support for the service. Brockway contends that the public compensates Red Cross for provid-

---

[1] *Standard Oil Co. v. PSC*, 217 Wis. 563, 567, 259 N.W. 598, 599 (1935).

[2] *See Anderson v. Yellow Cab Co.*, 179 Wis. 300, 191 N.W. 748 (1923). In *Anderson*, 179 Wis. at 304–05, 191 N.W. at 750, the court held that a taxi was a common carrier by applying the criteria the court had considered in *Ferguson v. Truax*, 132 Wis. 478, 110 N.W. 395 (1907), *rev'd on reconsideration*, 132 Wis. 494, 112 N.W. 513 (1907), where it concluded that an elevator was a common carrier. In addition to serving the public and providing service for hire, the court considered as relevant whether the operator controlled the manner of transportation and whether the passenger places himself in the operator's care. The parties only argue whether Dial-A-Bus serves the public or is for hire. *See also* § 194.01(5), Stats. In *Anderson*, 179 Wis. at 306, 191 N.W. at 751, however, the court held that it is not necessary for a carrier to be a public utility subject to regulation in order to be a common carrier. *See also* 13 Am. Jur. 2d *Carriers* §§ 2 and 3, at 560–62 (1964).

[3] 13 Am. Jur. 2d *Carriers* § 8, at 565 (1964); Cannon, *"What Constitutes a Common Carrier?"* 15 Marq. L. Rev. 67, 75 (1931).

[4] *Compton v. Shopko Stores, Inc.*, 93 Wis. 2d 613, 616, 287 N.W. 2d 720, 721 (1980).

ing the bus service through public and private grants. Red Cross operates Dial-A-Bus as a non-profit service. Non-profit services have expenses. Red Cross cannot provide the service without money to cover its expenses. Transportation for hire requires compensation by a charge, fare, rate, or some other plan, and connotes a business operation. We cannot conclude that Dial-A-Bus is "for hire" because Red Cross raises public and private funds to cover its expenses. There is no other evidence from which to infer that the service operates "for hire." Since the service was not for hire, it was not a common carrier and the court's refusal to give the instruction was correct.[5]

Brockway relies upon two cases, *Dehmel v. Smith*, 200 Wis. 292, 227 N.W.2d 274 (1930), and *Dibbert v. Metropolitan Investment Co.*, 158 Wis. 69, 147 N.W. 3 (1914), for the proposition that a carrier may be a common carrier even if no fee is charged for its service. These two cases held that elevators were common carriers. We conclude that these cases are distinguishable because the elevators were part of businesses operated for profit. In *Smith*, the elevator operated in a hotel, and in *Dibbert*, the elevator operated in a commercial building where the landlord received rents. We conclude that it is irrelevant that the elevator operators did not charge separately for the elevator service.[6]

Brockway alternatively argues that Dial-A-Bus should be held to a high degree of care as a matter of public

[5] It is also at issue whether Dial-A-Bus holds itself out to provide service to the public in the manner of a common carrier. We do not reach this issue because of our holding that Dial-A-Bus is not a service "for hire."

[6] *Cf.* § 194.01(15), Stats., (which statutorily defines "for hire" for purposes of ch. 194 and expressly includes transportation provided in conjunction with a sale and without a separate charge).

policy. She contends that Dial-A-Bus should be held to the same duty of care as common carriers because it provides a similar service, and she argues that the elderly and the handicapped deserve the protection of the higher degree of care.

We conclude that public policy does not impose the higher degree of care on the Dial-A-Bus service. Dial-A-Bus exists to serve needy individuals. Care for the passengers should flow from the altruistic motive for the service. Holding services such as Dial-A-Bus to a higher standard of care would, over a period of years, ultimately increase the service's operating costs. Public support dollars are limited. Public interest is better served by the provision of the service with reasonable care in the expectation that the same public support dollars will purchase more services.

*By the Court.*—Judgment affirmed.